CONFEDERATED PROPERTIES, INC., Respondent, *v.* ANTON NOSEK, Appellant.

First Department, November 7, 1956.

*Samuel L. Nadler* of counsel (*Finkel & Nadler*, attorneys), for appellant.

*Robert L. London* of counsel (*Morway Picket*, attorney), for respondent.

*Per Curiam.* The landlord in this case sought in the Municipal Court an order of eviction against the tenant upon the ground that the tenant occupied commercial space which the landlord required for its own use. The Municipal Court dismissed the petition on the merits and granted a final order for the tenant upon a finding that the space occupied by the tenant was predominantly residential and that the landlord was not acting in good faith. The Appellate Term, by a divided court, reversed and directed a final order for the landlord upon a finding that the premises were predominantly commercial, the residential use incidental, and the landlord was acting in good faith.

The premises in question were used by the tenant both for commercial use and residential purposes. The difference of opinion between the Municipal Court and one Justice of the Appellate Term on the one hand and the majority of the Justices of the Appellate Term on the other, as to which use was predominant, indicates that there is a question in this particular to be decided in the first instance by the Rent Administrator, who has the jurisdiction and duty in law to make such a determination. In this case the landlord has attempted to sidestep such a determination.

Whether the dual uses of the premises are severable, and if not which is predominant, must be determined in the first instance by the Rent Administrator.

We see no question on this record as to the landlord's good faith.

The determination appealed from should be reversed and the petition dismissed, with leave to the landlord to pursue his

rights in an orderly fashion, beginning with the Rent Administrator.

PECK, P. J., BREITEL, COX, FRANK and BASTOW, JJ., concur.

Determination unanimously reversed, with costs to the appellant in this court and in the Appellate Term, and the final order of the Municipal Court modified so as to provide that the landlord's petition be dismissed, without prejudice and, as so modified, said final order is reinstated.