(February 23, 1988)

■ 3849 ASSOCIATES, Respondent, v STANLEY BONIME et al., Appellants.—Order of the Appellate Term, First Department (Sandifer, Parness, Ostrau, JJ.), entered on September 30, 1986, which modified an order of the Civil Court, New York County, entered on October 4, 1985, dismissing petitioner's nonpayment petition without prejudice, to the extent of denying respondents' motion for summary judgment and reinstating the petition, is unanimously reversed on the law and the petition dismissed without prejudice, without costs or disbursements.

Respondents-appellants Dr. Stanley Bonime and Dr. Seymour Bushelow are dentists who have occupied certain premises at 601 West 160th Street in Manhattan since 1947. The last lease, which commenced on November 1, 1975 and expired on October 31, 1985, stated, in pertinent part, that the "demised premises shall be used by the tenants as and for their dwellings for themselves and their families and the said premises may also be used by the tenants as and for dental offices". In addition to the basic rental amount, the lease provided for an annual adjustment, beginning in 1980, keyed

to the cost of living index. The instant nonpayment proceeding, brought in April of 1985, seeks to recover, in part, arrearages allegedly due under the cost of living adjustment.

In an order entered on October 4, 1985, the Civil Court dismissed the petition without prejudice on the ground that petitioner landlord had not obtained an order under former section 13 of the New York City Rent and Eviction Regulations (now 9 NYCRR 2200.11) to decontrol the premises in question. Petitioner appealed, and, in an order entered on September 30, 1986, the Appellate Term, First Department, modified the Civil Court order to the extent of denying respondents' motion for summary judgment and reinstating the petition. Recognizing that "questions remain concerning the true nature of tenants' occupancy", the Appellate Term nonetheless held that since there is some evidence in the records that respondents maintain their residences elsewhere, the petition should not have been summarily dismissed. According to the Appellate Term, "[i]n circumstances where previously controlled units have been let and/or utilized for exclusively commercial use, it has been held that the absence of a section 13 order of exemption is not fatal to the maintenance of summary proceedings against the commercial tenant." In an order entered on April 2, 1987, this court granted respondents' motion for leave to appeal.

Section 2200.11 of the Rent and Eviction Regulations of the Division of Housing and Community Renewal (DHCR) provides that: "Any housing accommodation subject to these regulations which, on or after May 1, 1955, was or may be rented for commercial or professional use shall continue to be subject to control, unless the State Rent Commission issued an order exempting it from control during the periods of occupancy by the tenant, or an order is issued by the administrator exempting the housing accommodation from these regulations during the period of occupancy by the tenant. Such order shall be issued by the administrator where he finds the renting complies with the requirements of law and of city agencies having jurisdiction, and was made in good faith without any intent to evade the Rent Law or these regulations".

It is respondents' contention that an order of decontrol must be obtained from the DHCR regardless of whether the apartment is being used for residential or professional purposes, citing *Matter of Sipal Realty Corp. (Dankers)* (8 AD2d 355, mod 8 NY2d 319), *Reichman v Brause Realty* (34 AD2d 338), and *Confederated Props. v Nosek* (2 AD2d 383). Petitioner, on

the other hand, argues that its failure to procure an order of decontrol prior to commencing this nonpayment proceeding amounts to nothing more than noncompliance with a purely ministerial direction. In that connection, petitioner relies upon *Berkley Assocs. v Jordon* (NYLJ, Feb. 1, 1980, at 5, col 1, *affd* 78 AD2d 782), which held that the absence of an order of decontrol is not fatal to the maintenance of summary proceedings against a commercial tenant. However, in contrast to the present matter, *Berkley* involved premises leased solely for professional use. Where, as in the situation herein, there is a question of fact concerning whether the premises at issue are being utilized solely for professional purposes or for mixed residential and commercial use, the matter must be referred to the consideration of DHCR. As the court declared in *Confederated Props. v Nosek (supra,* at 384), "[w]hether the dual uses of the premises are severable, and if not which is predominant, must be determined in the first instance by the Rent Administrator". In *Matter of Sipal Realty Corp. (Dankers) (supra),* the Court of Appeals found that the predecessor provision to section 2100.11, section 13 of the State Rent and Eviction Regulations, applies even to residential space actually converted to commercial use and that such premises continue to be subject to administrative jurisdiction until an exemption is issued by the Rent Administrator. Consequently, the Appellate Term was in error in remanding this proceeding to the Civil Court for a fact finding on the question of the use to which respondents have put the subject apartment. Concur —Murphy, P. J., Kupferman, Sullivan, Carro and Milonas, JJ.