OPINION OF THE COURT
Irving Lang, J.
Two related issues are raised in this CPLR article 78 peti *627 tion: (1) Does the tenant’s failure to affix her signature to a fair market rent appeal application within 90 days of receiving a DC-2 notice constitute a fatal defect? (2) May an administrative agency grant a 15-day extension beyond the statutorily prescribed 90-day filing time to allow the tenant to correct the omission on the application?
FACTS
On November 1, 1982, tenant Alice Henderson took occupancy of the subject apartment at a monthly rent of $1,500. She was served with a notice of initial regulated rent, a DC-2 notice, on November 24, 1982. The notice provided that a tenant "may apply to the Conciliation and Appeals Board for a rent reduction if the initial legal regulated rent is more than the highest rent the owner would have been permitted to charge in 1974 under rent control” plus certain set increases. On February 11, 1983 the tenant served a fair market rent adjustment (FMRA) application on the Conciliation and Appeals Board (CAB). It was received by the CAB on February 17, 1983 within the 90-day filing period. The record indicates that on February 23, 1983 the FMRA application was returned to Ms. Henderson because she failed to attach the DC-2 notice. On February 28, Ms. Henderson sent back the papers with the required attachment. However, since the application was signed solely by the tenant’s attorney and not by the tenant herself the agency again sent back the application on March 9, 1983 along with a standard form letter notifying Ms. Henderson that she had to sign the application. The letter further stated that the original application, although incomplete, was timely filed and that in order to still be considered timely, the original date-stamped application had to be returned with the tenant’s signature within 15 days of the mailing of the form letter. The tenant sent back the signed original application within the 15-day allotment. However, at this point, more than 90 days had elapsed since she first received the DC-2 notice back on November 24, 1983.
The owner was served with a copy of the tenant’s application and was given the opportunity to submit rent data for comparable apartments. In his answer the owner alleged that the FMRA application was not timely filed inasmuch as a completed application was not served on the CAB within 90 days. The owner also contended that the tenant had not set forth sufficient facts in support of her application.
*628 On April 1, 1984, the State Division of Housing and Community Renewal (DHCR) assumed responsibility for regulating rental housing (L 1983, ch 403) and processed Ms. Henderson’s FMRA application.
On April 30, 1986 the District Rent Administrator adjusted the initial legal regulated rent by establishing a fair market rent of $1,186.16 for the subject apartment, effective November 1982 (the commencement date of the initial rent-stabilized lease). The fair market rent was determined pursuant to a comparability study and the special fair market rent guidelines established by the New York City Rent Guidelines Board. The Administrator directed the owner to roll back the rent to the lawful stabilized rent and to refund all overcharges to the tenant which amounted to $17,015.94.
On June 4, 1986 petitioner owner filed a petition for administrative review (PAR) of the District Rent Administrator’s order with the DHCR. In the PAR the owner again contended that the District Rent Administrator’s order should be modified given that the resubmission of the FMRA application with the tenant’s signature occurred subsequent to the expiration of the 90-day statutory period. The owner again asserted that the tenant did not present facts in support of her FMRA application.
On April 13, 1987 the DHCR denied the PAR and affirmed the District Rent Administrator’s order. The DHCR held that a filing was made within the statutory period and that "the application was only incomplete for the purpose of completing all formalities necessary for proceeding to the next stage of processing. It was complete for the purpose of meeting the requirements of the statute of limitations”. As to the owner’s contention regarding the tenant’s failure to include supporting factual statements, the DHCR held that there is no mandatory requirement under the Rent Stabilization Law or Code that a tenant set forth such facts and failure to do so does not warrant rejection of the FMRA application.
In the instant article 78 proceeding petitioner claims that DHCR’s denial of petitioner’s PAR was arbitrary and capricious and seeks a judgment setting aside the denial. Petitioner contends that the District Rent Administrator has no authority to grant a tenant an extension of the statutory period to file an application for rent adjustment. He further reiterates his claim that the FMRA application is defective due to lack of supporting facts.
*629 ANALYSIS
The Rent Stabilization Law and Code establishes a 90-day time limit within which a tenant may file a fair market rent appeal. The time begins to run the day the tenant receives, by certified mail, an initial legal regulated rent notice. Section YY51-6.0.2 (b) (1) (now § 26-513 [b] [1]) of the Administrative Code of the City of New York states that, "the tenant * * * may file with the commissioner within ninety days after notice has been received pursuant to subdivision d of this section, an application for adjustment of the initial legal regulated rent for such housing accommodation. Such tenant need only allege that such rent is in excess of the fair market rent and shall present such facts which, to the best of his information and belief, support such allegation.” Section 2522.3 of the Rent Stabilization Code (eff May 1, 1987) continues the 90-day limit.
I note that petitioner’s arguments, "that the absence of a signature is a fatal defect which requires the filing of a new application” and that "the failure to do so mandates that the complaint be dismissed”, are not supported by any precedent. Indeed, research has failed to uncover a single case which addresses the issue whether the failure to sign the FMRA application within the statutory period forecloses the tenant from seeking a rent adjustment under the aforementioned provision. However, analogous cases, where courts have upheld extensions in order to cure various defects, appear to undermine petitioner’s claims. For example, in Lev Realty Co. v New York City Conciliation & Appeals Bd. (91 AD2d 873) the Appellate Division upheld a finding of the Supreme Court (NY County) afiirming the agency’s acceptance of a refiled FMRA application subsequent to the 90-day period where the original application, although timely filed and stating the substance of the tenant’s complaint, was submitted on the wrong form. Similarly, in Matter of Mamie Realty Corp. (NYLJ, Apr. 11, 1960, at 11, col 2 [Sup Ct, Bronx County, Flynn, J.]) the court held that it was a reasonable exercise of discretion and within the power of the agency to allow the tenant to refile a rent protest within 15 days where the original timely filed protest failed to comply with the procedural requirements of the rent regulations.
I find these cases persuasive. It is undisputed that the substance of Ms. Henderson’s refiled application was identical to the original timely filed one. Thus, even with the 15-day *630 extension, absolutely no prejudice inured to the petitioner with respect to his ability to challenge tenant’s allegations. That is, the owner knew who was questioning the rent and knew the grounds for such protest. I therefore reject petitioner’s contention that the incomplete filing was no filing at all. The agency’s determination that the signing by the tenant’s lawyer and not the tenant, was simply an amendable minor irregularity was reasonable. Moreover, the agency’s standard procedure of notifying the tenant, by form letter, of the defect and permitting a 15-day grace period for correction is clearly within the agency’s domain in a case such as this, where the error is ministerial and has no impact whatsoever on the substance of the original application.*
It is axiomatic that " 'the construction given statutes and regulations by the agency responsible for their administration, if not irrational or unreasonable, should be upheld’ ” (Matter of Howard v Wyman, 28 NY2d 434, 438; Matter of Pell v Board of Educ., 34 NY2d 222). It is not within the province of any court to substitute its own judgment for that of the administrative agency. "[T]he proper test is whether there is a rational basis for the administrative orders” and whether the agency’s determinations are arbitrary or capricious. (Matter of Colton v Berman, 21 NY2d 322, 329, 334.) The test of rationality has been met in this case. Where a refiling merely constitutes a simple nonsubstantive correction of an original timely filed rent appeal, the agency’s refusal to strictly construe the 90-day time limit is not arbitrary and capricious. Under these circumstances the granting of a 15-day grace period does not perforce render the application fatally deficient.
I similarly reject petitioner’s claim that the tenant failed to present facts to support her allegation that the base rent she was charged exceeded the fair market rent. Ms. Henderson filled in all relevant portions of the application except the question referring to the actual rent charged to her apartment on June 30, 1974, which information she apparently did not *631 know. In a supplemental statement, she stated that she was the first tenant to take occupancy of the apartment after the rent-control tenant vacated and that to the best of her knowledge, the 1974 maximum base rent was $336.96. She further claimed that the rent she was being charged ($1,500) was not within the special guideline orders. The tenant’s failure to list rents for similar apartments in the same building to bolster her claim that her initial rent was excessive does not render the application factually insufficient, since the basis of the tenant’s complaint was patently clear from the information she did provide. Thus, the agency’s finding that Ms. Henderson’s FMRA application contained an adequate factual statement is reasonable.
Accordingly, the DHCR’s determination is upheld in all respects and this article 78 petition is dismissed.

 Although not controlling, reference may he made to the CPLR which allows defects or irregularities to be corrected or ignored and which directs that pleadings be liberally construed. (CPLR 2001, 3026.) Indeed countless times this court is presented with motions, affidavits, and affirmations which are submitted unsigned by attorneys. Were this court to reject all such papers, a surprising percentage of motions would be returned as defective. This case is unlike the highly strict, often criticized Election Law where apparently minor irregularities are treated as fatal defects and where the judiciary is foreclosed from fashioning any exceptions. (Matter of Irvin v Sachs, 129 AD2d 827 [2d Dept 1987].)