*485 OPINION OF THE COURT
Israel Rubin, J.
Pursuant to CPLR article 78, petitioner seeks to annul as arbitrary and capricious a denial of its petition for administrative review (PAR) which is deemed denied due to the expiration of time (Administrative Code of City of New York § 26-516 [h], formerly § YY51-6.0.5 [h]). Respondent moves, pursuant to CPLR 7804 (f), to dismiss the petition on the ground that it was untimely brought (Administrative Code § 26-516 HD.
The facts are substantially undisputed. Respondent received a complaint of possible rent overcharge for apartment 7-J located at 2 Horatio Street, New York, New York. The complaint number 001423 was filed by tenant Margaret Eis and was received by respondent on July 20, 1984. In response to the complaint, petitioner herein submitted a certified mailing receipt which showed that a copy of a DC-2 notice (notice of the initial regulated rent for the subject premises) was mailed to tenants "Ms. M.R. Eis and Mr. D. Aghion” and signed for by Ms. Eis on April 7, 1984. Thereafter, District Rent Administrator Stuart Dabbs dismissed the complaint as untimely, having been filed some 104 days after the rent registration statement was received by respondent and not within the prescribed statutory period of 90 days (Administrative Code § 26-513 [e], formerly § YY51-6.0.2 [e]). The order is dated February 19, 1986 and bears no discernible order number.
On July 31, 1985, according to the date stamped on the document, respondent had received a second complaint from tenant Eis, again alleging a rent overcharge. This complaint states that she moved into the subject premises on April 1, 1984 pursuant to a two-year lease at a monthly rent of $1,700. Although not received by respondent until July of 1985, the date affixed by the tenant under her signature is April 2, 1984.
Petitioner was notified of this second proceeding (docket number L3118034) in a letter from respondent dated June 24, 1986. Petitioner then informed respondent, in a letter dated July 14, 1986, of the existence of the prior overcharge complaint (docket number 001423) and its dismissal by respondent’s order of February 19, 1986. Petitioner also requested that the two complaints "be combined and the objection to rent be dismissed.” Respondent thereafter sent a notice of consolidation dated August 14, 1986, but did not dismiss the *486 pending proceeding. Instead, it issued order number CDR 25,932, dated November 3, 1986, establishing an initial legal regulated rent for the subject premises at $461.48 and ordering petitioner to roll back the rent and refund the overcharges. Petitioner then filed a petition for administrative review (PAR) dated December 3, 1986 which had not been determined at the time the instant proceeding was commenced by a petition and notice of petition dated July 21, 1987.
It is clear that the second determination of the same claim by respondent is arbitrary and capricious. A determination of the administrative agency is binding upon a court (Montalbano v De Luzio, 39 Misc 2d 834 [App Term, 2d Dept 1963]) and quasi-judicial determinations are accorded res judicata and collateral estoppel status (Ryan v New York Tel. Co., 62 NY2d 494 [1984]). Respondent is therefore bound by its own determination, and the second proceeding is barred by res judicata. Moreover, it is obvious from the facts presented that the second complaint was not timely received. Therefore, respondent’s failure to dismiss it as time barred was also arbitrary and capricious.
Respondent does not contest these issues but instead rests its opposition to the petition solely on the ground that the instant proceeding was not timely commenced. The statute governing the processing of PARs is Administrative Code § 26-516 (h) which provides as follows: "The state division of housing and community renewal may, by regulation, provide for administrative review of all orders and determinations issued by it pursuant to this chapter. Any such regulation shall provide that if a petition for such review is not determined within ninety days after it is filed, it shall be deemed to be denied. However, the division may grant one extension not to exceed thirty days with the consent of the party filing such petition; any further extension may only be granted with the consent of all parties to the petition. No proceeding may be brought pursuant to article seventy-eight of the civil practice law and rules to challenge any order or determination which is subject to such administrative review unless such review has been sought and either (1) a determination thereon has been made or (2) the ninety day period provided for determination of the petition for review (or any extension thereof) has expired.” Subdivision (d) of the same section reads: "Any proceeding pursuant to article seventy-eight of the civil practice law and rules seeking review of any action pursuant to *487 this chapter shall be brought within sixty days of the expiration of the ninety day period and any extension thereof provided in subdivision h of this section or the rendering of a determination, whichever is later” (emphasis added). Respondent argues that these provisions should be interpreted to mean that if the party filing the PAR does not commence an article 78 proceeding within 60 days of the expiration of the 90-day deemed-denial period or any extensions thereof, then he must wait until the agency renders a determination on the PAR, whereupon he has another period of 60 days within which to bring a proceeding pursuant to CPLR article 78.
Respondent’s argument is disingenuous. What the statute provides (and what it clearly states) is that if a determination on a PAR is rendered by the agency within 90 days of its submission, any party shall nevertheless have until 60 days after the expiration of the statutory 90-day period for determination of the PAR in which to commence an article 78 proceeding. The 60-day period within which the article 78 proceeding must be brought does not begin to run until the 90 days (plus any extension) has passed or until a determination has been rendered, whichever is later. As no determination has been rendered on the PAR submitted by petitioner, the period of limitation has not begun to run, and the instant proceeding is timely.
Respondent intimates that a deemed denial resulting from its failure to render a determination within 90 days (plus any period of extension) does not constitute a final order of the agency upon which an article 78 proceeding may be brought. It is apparent, however, that the Legislature intended that a party should have the right to resort to a special proceeding if the agency cannot make a timely disposition of its petition for administrative review. Given the amount of time which may elapse between the filing of a rent overcharge complaint and its eventual determination (with the possibility of treble damages accruing against the owner during the period) it is eminently logical that the statute should provide some mechanism to insure the timely disposition of the review of an agency determination, if not by the agency itself then by the court.
The instant matter well illustrates the wisdom of this approach. The issue is straightforward and subject to resolution as a matter of law. There is nothing to be gained by allowing respondent to delay final disposition while it conducts an administrative review, and there is no further action *488 which respondent could take if the matter were remanded to it.
Respondent, in its brief, places great reliance upon Matter of 140 W. 57th St. Corp. v State Div. of Hous. & Community Renewal (130 AD2d 237 [1st Dept 1987]). This case, however, is inapposite, seeking annulment of a DHCR determination remanding a matter to the District Rent Administrator. It holds only that the mere passage of time will not divest DHCR of the jurisdiction to render a determination in an administrative review since the 90-day period prescribed is merely directory and not mandatory (Matter of Fonseca v Herman, 13 AD2d 626 [1st Dept 1961]). Having waited for DHCR to render a determination, the petitioner therein was bound to pursue further administrative proceedings until the agency rendered a final determination amenable to review pursuant to CPLR article 78.
In the instant matter, petitioner has chosen to seek review of its petition for administrative review under the deemed-denial provision. The availability of this remedy was explicitly recognized by the Appellate Division when it wrote, "[w]here an aggrieved party fails to obtain a determination of his protest within the 90 days and, thereafter, commences a judicial proceeding the court may, of course, review the initial agency determination” (130 AD2d, supra, at 244). The case therefore entirely supports the position advanced by petitioner that judicial review is available where the agency has failed to render a determination in its review of administrative action within 90 days plus any period of extension.
Accordingly, the petition is granted and the determination of respondent dated November 3, 1986 (docket number L3118034) is annulled as arbitrary and capricious. The motion by respondent is in all respects denied.