OPINION OF THE COURT
Israel Rubin, J.
Petitioner seeks an order pursuant to CPLR article 78 *524 amending a determination by respondent Division of Housing and Community Renewal (DHCR) to provide that treble damages be imposed against the landlord. Respondent DHCR moves to dismiss the petition on the ground that the proceeding was untimely commenced. Respondent Jayco Realty Company (Jayco) moves for dismissal on the ground the petition fails to raise a question contained in CPLR 7803.
In a determination dated February 20, 1987, DHCR found respondent Jayco liable for a rent overcharge in the amount of $22,142.60 and directed that the rent be rolled back to $358.14 a month and the overcharge refunded to petitioner. On February 27, 1987, Jayco filed a petition for administrative review with DHCR seeking reversal of the order of February 20. On May 18, 1987, petitioner filed with DHCR an application styled as an answer and "cross-petition for administrative review” seeking imposition of treble damages against Jayco for failure to show that the overcharge was not willful. The instant proceeding was commenced on October 26, 1987.
Respondent DHCR cites section 26-516 (h) of the New York City Rent Stabilization Law (Administrative Code of City of New York § 26-516 [h]) in support of its motion to dismiss the petition. The gravamen of its argument is that petitioner failed to file a timely petition for administrative review (PAR) and is therefore barred from seeking judicial review of the agency’s order. DHCR relies on language in Administrative Code § 26-516 (h) which provides, "No proceeding may be brought pursuant to article seventy-eight of the civil practice law and rules to challenge any order or determination which is subject to such administrative review unless such review has been sought” (L 1985, ch 907, § 1).
This construction is inaccurate. The statute does not require the party seeking judicial review to be the same party which brought the PAR. It only requires that "such review has been sought”. Therefore, the timely filing of the PAR by Jayco provides a sufficient basis for this article 78 proceeding to review the ultimate determination of that PAR. The question presented is (1) whether there exists a final determination from which judicial review may be sought and (2) if so, whether the instant proceeding was timely commenced.
This court had occasion to construe the provisions of Administrative Code § 26-516 (h) in Matter of Raynes, Inc. v State Div. of Hous. & Community Renewal (136 Misc 2d 626). The statute is unusual in that it provides two distinct grounds for *525 the commencement of an article 78 proceeding. The first, and most straightforward, is the issuance of a final determination by the agency. The second, which proves to be far more complex, is the deemed denial of the PAR. (Where the two periods overlap, the statute provides that the litigant may take advantage of the longer period.) The instant proceeding is asserted to fall within the ambit of the deemed denial provision. Section 26-516 (h) of the Rent Stabilization Law provides: "The state division of housing and community renewal may, by regulation, provide for administrative review of all orders and determinations issued by it pursuant to this chapter. Any such regulation shall provide that if a petition for such review is not determined within ninety days after it is filed, it shall be deemed to be denied. However, the division may grant one extension not to exceed thirty days with the consent of the party filing such petition; any further extension may only be granted with the consent of all parties to the petition. No proceeding may be brought pursuant to article seventy-eight of the civil practice law and rules to challenge any order or determination which is subject to such administrative review unless such review has been sought and either (1) a determination thereon has been made or (2) the ninety day period provided for determination of the petition for review (or any extension thereof) has expired” (L 1985, ch 907, § 1). Subdivision (d) of the same section reads: "Any proceeding pursuant to article seventy-eight of the civil practice law and rules seeking review of any action pursuant to this chapter shall be brought within sixty days of the expiration of the ninety day period and any extension thereof provided in subdivision h of this section or the rendering of a determination, whichever is later” (L 1987, ch 600; emphasis added).
Basically, a party may deem a PAR to be denied if DHCR fails to issue a determination within 90 days after its filing. Complicating matters somewhat is the provision which permits the time for issuing a determination to be extended, up to 30 days on consent of the party bringing the PAR and indefinitely upon consent of all parties to the administrative proceeding. In that case, the PAR is deemed denied upon expiration of the 90-day period plus any extension.
The opposing papers of respondent Jayco reveal that it agreed to an extension of DHCR’s time to render a determination of its PAR:
"The DHCR has agreed that as a condition of such an extension Jayco Realty Co. will have sixty (60) days from the *526 date of the issuance of any Administrative Order with respect to the PAR in which to file a proceeding under CPLR Article 78 and that the DHCR will not claim that such proceeding is untimely based on the statute of limitations as applied to the deemed denial.
"Based upon the forgoing agreement of the Commissioner of the Office of Rent Administration, Jayco Realty Co. has not proceeded with a petition under Article 78 based on the 'deemed denial’.”
The position taken by Jayco is that, since it has agreed to an indefinite extension of DHCR’s time to issue its decision, its PAR cannot be deemed denied.
This construction is also inaccurate. The statute provides that a single extension, not exceeding 30 days, may be granted "with the consent of the party filing the petition; any further extension may only be granted with the consent of all parties to the petition.” (Administrative Code § 26-516 [h].) While, standing alone, the phrase "all parties to the petition” would be subject to varying interpretations, its juxtaposition to the phrase "the party filing the petition” eliminates any doubt that it embraces all parties to the determination which is sought to be reviewed. It is apparent that the party petitioning for the review may not consent to an indefinite extension without obtaining the consent of another party whose rights may be prejudiced by a delay in the issuance of a final agency determination. Therefore, this court concludes that, given petitioner’s unequivocal denial that her consent was obtained, the extension obtained upon Jayco’s unilateral consent is ineffective beyond 30 days.
Respondent DHCR argues that section 26-516 (d) of the statute (L 1987, ch 600) requires that any proceeding pursuant to CPLR article 78 be commenced within 60 days after the date upon which the PAR is deemed denied. That argument was specifically rejected by this court in Matter of Raynes, Inc. v State Div. of Hous. & Community Renewal (supra). While the statutory provision is ambiguous and is susceptible to the interpretation advanced by respondent, it is more appropriate to adopt the construction that the Statute of Limitations begins to run with the expiration of the 90-day period (together with any extensions) or the rendering of a determination by DHCR, whichever is later.
As pointed out in Raynes (supra), the object of this statute is clearly to provide a party with a mechanism to avoid preju *527 dice to his substantive rights occasioned by respondent’s undue delay in processing an application for review. The solution adopted is to permit a party to seek a review of the initial agency determination before the court after DHCR has failed to render a determination within a reasonable time (defined as 90 days plus any agreed-upon extensions). The conceptual flaw in the statute is that a deemed denial is only a legal fiction, if not an oxymoron. The agency has not, in fact, denied the application for review, it has merely neglected to act. It is this failure to act, and the prejudice which it may occasion, which provides the real basis for an application to the court, and it constitutes a continuing wrong which, in the normal course of events, would sustain an application for mandamus — at any time after a reasonable time for the agency to render a determination has passed, not just during some arbitrary time period. Permitting the proceeding to be brought at any time after an administrative determination should reasonably be forthcoming merely acknowledges the party’s right to decide at what particular point his rights are so prejudiced as to warrant judicial intervention.
Taking the analysis one step further, the statute may be viewed as a legislative attempt to substitute the remedy of mandamus to review (judicial revew as to whether a determination was arbitrary and capricious) for the remedy of mandamus to compel (compulsion to perform a duty imposed by law) (see, Siegel, NY Prac § 558). It recognizes the futility of compelling an agency to render a timely determination where it lacks the resources to comply or where compliance will merely result in the agency giving priority to one application at the expense of all others pending before it. In so doing, however, the statute does considerable violence to the doctrine of exhaustion of administrative remedies, normally employed in an application predicated upon mandamus to review. It is clearly recognized that the determination under review herein is not the final, but the initial agency decision. As the First Department stated, "Where an aggrieved party fails to obtain a determination of his protest within the 90 days and, thereafter, commences a judicial proceeding, the court may, of course, review the initial agency determination” (Matter of 140 W. 57th St. Corp. v Division of Hous. & Community Renewal, 130 AD2d 237, 244 [1987] [emphasis added]). The decision further makes it clear that the mere passage of time does not result in a final DHCR determination denying the application for review. The agency is neither divested of the jurisdiction, nor *528 the obligation, to render a determination by the expiration of the 90-day period (supra, at 243). It is the election by a party to seek judicial review which, in reality, renders the agency’s inaction a deemed denial.
Finally, as an entirely practical matter, to adopt the interpretation advanced by DHCR would expose the court to a potential flood of applications for judicial review brought within 60 days of the deemed denial. There is a very real risk that DHCR may take more than two years to render a final determination. (In the Matter of 140 W. 57th St. Corp v Division of Hous. & Community Renewal case [supra] the matter was remanded to the District Rent Administrator one year after the filing of the PAR.) Forcing the parties, within 150 days, to elect between immediate application for judicial review or indefinite delay in the rendering of a final agency determination will only increase the number of applications pursuant to CPLR article 78. To relieve an overburdened administrative agency of a substantial portion of its workload,' only to shift it to an overburdened judicial system, hardly strikes this court as an effective solution. The statute does not eliminate the problem, it merely transfers it somewhere else. As the First Department pointed out, by divesting DHCR of jurisdiction after 90 days "an additional burden would thereby needlessly be imposed on the judicial system” (130 AD2d 237, 243, supra). In the opinion of this court, any review of an agency determination which is less than final, such as in the matter at bar, represents an unnecessary burden upon the judiciary. However, the legislative intent as reflected in the statute is clearly to permit resort to the court under these circumstances.
Appropriately, the First Department in the 140 W. 57th St. case (supra) has suggested a remedy which gives effect to the legislative intent while minimizing the burden thereby imposed on the judicial system. Because the instant proceeding involves a complex determination which is within DHCR’s specialized expertise (unlike the Raynes, Inc. v State Div. of Hous. & Community Renewal case [supra] which involved a straightforward application of the Statute of Limitations and the doctrine of res judicata) it is fitting that the matter be remanded to the agency for an expedited decision on the PAR. As discussed, an order in the nature of mandamus to compel is consistent with established legal theory. It is further dictated by DHCR’s failure to answer the petition.
*529 The procedure invariably followed by the agency in summary proceedings of this type is to file not an answer but a cross motion to dismiss the petition, reserving the right to answer pursuant to CPLR 7804 (f) if the motion is denied. Unlike CPLR 404 governing summary proceedings generally, the filing of an answer is not within the sound discretion of the court to direct but is mandated under the statute (CPLR 7804 [f]; Matter of 230 Tenants Corp. v Board of Stds. & Appeals, 101 AD2d 53 [1st Dept 1984]; Matter of Samuel v Ortiz, 105 AD2d 624 [1st Dept 1984]). However, the administrative practice of "making a cross motion to dismiss an article 78 proceeding supported by apparently all the proofs it has but requesting that if the motion is denied, respondent should be given an opportunity to serve and file its answer” was widely criticized in earlier appellate decisions as unnecessarily duplicative under similar circumstances (Bernstein Co. v Popolizio, 97 AD2d 735 [1st Dept 1983]; Marlow v Koliner, 78 AD2d 874 [2d Dept 1980]; Matter of DeVito v Nyquist, 56 AD2d 159 [3d Dept 1977]; Matter of McMullen v Blum, 70 AD2d 779 [4th Dept 1979]). Moreover, the administrative time and effort expended in opposing the instant proceeding is better devoted to rendering a determination on petitioner’s PAR.
This court is quite familiar with DHCR’s usual contention (not advanced in this particular proceeding) that expeditious handling of one PAR will be at the expense of all others pending before the agency. However, without intruding upon the prerogative of agency management, it would seem that certain types of cases warrant a priority. Where, as here, a rent overcharge is involved, damages continue to accrue until a final determination is rendered. The statute provides for the assessment of treble damages unless the owner can prove that the overcharge was not willful (Rent Stabilization Code [9 NYCRR] § 2526.1). Administrative delay in rendering a final decision as to the amount of the legal regulated rent is substantially more prejudicial than, for instance, where the issue is whether the owner should be granted a rent increase of $5 a unit. Clearly, petitioner herein is entitled to know, as quickly as possible, the amount of rent which may be charged in order to limit its damages.
Accordingly, the petition is granted to the extent of direct *530 ing respondent DHCR to render a final determination of petitioner’s PAR within 60 days after service of a copy of the judgment with notice of entry. Petitioner is granted leave to reapply to the court should any further delay ensue. The motions by respondents are in all respects denied.