OPINION OF THE COURT
Israel Rubin, J.
By way of an order to show cause, petitioner seeks an order of mandamus, pursuant to CPLR article 78, compelling respondent Division of Housing and Community Renewal to stay enforcement of District Rent Administrator’s orders to roll back rent and refund the overcharge and further compelling respondent to determine its petition for administrative review of the subject orders. The order to show cause (Sandifer, J.) commencing this proceeding provides for a temporary stay upon the establishment of an escrow account for the deposit of all rent collected by petitioner which is in excess of the amount of the adjusted regulated rent.
These proceedings were initiated by respondent Simon by the filing of a fair market rent application with the New York City Conciliation and Appeals Board. Respondent agency assumed jurisdiction over the controversy on April 1, 1984 pursuant to the provisions of the Omnibus Housing Act (L 1983, ch 403), and on December 8, 1986, the District Rent Administrator issued his determination of respondent Simon’s fair market rent appeal. On December 16, 1986, petitioner filed a petition for administrative review (PAR) with respondent Division of Housing and Community Renewal (DHCR). On January 8, 1987, respondent Simon also filed a PAR. *3 DHCR then reopened the proceedings and, on May 29, 1987, the District Rent Administrator issued a second order in the matter. On June 8, 1987, petitioner filed the PAR which is the subject of the instant proceeding.
Respondent Simon answers that petitioner is not seeking review of any final order or determination by DHCR. Respondent DHCR answers generally that petitioner is not entitled to the extraordinary relief of mandamus.
The controlling statute is Rent Stabilization Law § 26-516 (h) (L 1985, ch 907, § 1) and (d) (L 1987, ch 600) (Administrative Code of City of New York). The parties are referred to the court’s opinions in Matter of Raynes Assocs. Ltd. Partnership v State Div. of Hous. & Community Renewal (137 Misc 2d 484) and Matter of Bloom v Division of Hous. & Community Renewal (138 Misc 2d 523), for a detailed analysis of these provisions.
Respondent Simon’s contention that no final determination has yet been rendered by DHCR is not entirely without merit. The doctrine of exhaustion of administrative remedies normally permits a court to review only a final determination made by an agency (CPLR 7801 [1]; see, e.g., Matter of Martin v Ambach, 85 AD2d 869 [3d Dept 1981]). Where, however, the relief sought is in the nature of mandamus to compel (including prohibition) rather than mandamus to review, administrative finality is inapplicable (Matter of Hamptons Hosp. & Med. Center v Moore, 52 NY2d 88, see, especially, dissenting opn, Gabrielli, J. [1981]; Matter of Pokoik v Department of Health Servs., 119 AD2d 579 [2d Dep 1986]). The confusion surrounding section 26-516 of the Rent Stabilization Law results from the Legislature’s attempt to provide relief by way of mandamus to review in a situation where only mandamus to compel is available, viz., in the absence of a final agency ruling (see, Matter of Bloom v Division of Hous. & Community Renewal, supra). The only way to give effect to the legislative intent without doing violence to the doctrine of administrative finality is to permit the proceeding to be maintained but to limit the relief granted to remittitur, as suggested by the Appellate Division in Matter of 140 W. 57th St. Corp. v State Div. of Hous. & Community Renewal (130 AD2d 237, 244 [1st Dept 1987]). By limiting the relief to a judgment in the nature of mandamus to compel, the provisions of section 26-516 of the Rent Stabilization Law may be harmonized with those of CPLR article 78 (Matter of Bloom v Division of Hous. & Community Renewal, supra).
*4 Having established that petitioner has the right to seek mandamus, it remains to determine whether the necessary criteria are fulfilled. It is respondent agency’s contention that mandamus does not lie except where the right to relief is clear and the duty sought to be enjoined or commanded involves no exercise of discretion.
The issue is overwhelming in its simplicity: Is the obligation to render a determination a ministerial duty? The agency characterizes it as discretionary, judgmental and therefore nonministerial. It is readily apparent, however, that DHCR is confusing the nature of the act prescribed with the process necessary to its performance. A matter submitted for determination, whether to an administrative agency or a court, imposes a clear duty to render a decision. The obligation to issue the determination is absolute and therefore ministerial. It is only the process by which the decision is reached which is judgmental. Therefore the failure to perform the duty to render a determination within a reasonable time is grounds for mandamus to compel. In this regard, a reasonable time is a matter of statute, having been established by the Legislature as 90 days (Rent Stabilization Law § 26-516 [h]). By contrast where the decision itself is asserted to be defective, it must be a final determination by the agency and must be brought before the court by way of certiorari or mandamus to review. In the latter instance, relief is only available where the agency can be shown to have acted in an arbitrary and capricious manner in reaching its determination.
DHCR argues that an order directing it to determine petitioner’s PAR will merely have the effect of granting a preference over other matters pending before the agency. While the point would be well taken in the normal course of events, four years is a patently unreasonable time for a matter to be pending, unresolved, before the agency, and petitioners are entitled to the relief sought.
Accordingly, the petition is granted, and respondent DHCR is ordered to issue a determination on petitioner’s PAR within 60 days after service of a copy of this order with notice of entry. Because of the brevity of the period in which a final determination is to be issued, the escrow provision is continued upon the terms set forth in the order to show cause (Sandifer, J.).