In the Matter of RAYNES ASSOCIATES LIMITED PARTNERSHIP, Petitioner, v STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL et al., Respondents.

Supreme Court, New York County, November 28, 1988

### APPEARANCES OF COUNSEL

*Dennis Hasher* and *Martin Schneider* for State Division of Housing and Community Renewal, respondent. *Finkelstein, Borah, Schwartz, Altschuler & Goldstein, P. C. (Janice Reichman* of counsel), for petitioner.

### OPINION OF THE COURT

ISRAEL RUBIN, J.

Respondent moves to renew its motion of September 23, 1987 which sought to dismiss the petition. Upon this motion respondent asks that this matter be remanded to the agency for further administrative action.

In this proceeding, petitioner sought to annul, as arbitrary and capricious, a deemed denial of its petition for administra-

tive review (PAR), filed on December 3, 1986 on the ground that the matter had already been decided at the administrative level *(Matter of Raynes Assocs. Ltd. Partnership v State Div. of Hous. & Community Renewal,* 137 Misc 2d 484). Petitioner presented documentary evidence which showed that respondent issued an order dated February 19, 1986 (docket No. 001423) which denied as untimely a fair market rent appeal submitted on July 20, 1984, on the ground that it was brought more than 90 days after the tenant received a DC-2 notice informing her of the initial legal regulated rent (Rent Stabilization Law of 1969 [Administrative Code of City of New York, tit 26, ch 4] § 26-513 [e]; § 26-516). When petitioner notified respondent of the February 1986 order, the former proceeding (docket No. 001423) and the pending proceeding (docket No. L3118034) were consolidated for administrative disposition by notice dated August 14, 1986. On November 3, 1986, respondent ordered petitioner to roll back the rent from $1,700 a month to $461.48 and refund the overcharge. Thereafter, on December 3, 1986, petitioner filed the PAR which is the subject of the instant proceeding.

The petition seeking judicial review was brought pursuant to section 26-516 (h) of the Rent Stabilization Law which provides for commencement of a CPLR article 78 proceeding if the agency fails to determine a PAR within 90 days after its submission *(Matter of Mott v Division of Hous. & Community Renewal,* 140 AD2d 7 [2d Dept 1988]; *Matter of Bloom v Division of Hous. & Community Renewal,* 138 Misc 2d 523). Petitioner raised the issue of res judicata, appending to its pleadings a copy of the tenant's fair market rent appeal (docket No. L3118034). Anomalously, the date stamp discernable on the copy of the document read July 31, 1985, while the tenant had dated it April 2, 1984. Respondent did not contest the issue and, based on the authority of *Matter of 140 W. 57th St. Corp. v State Div. of Hous. & Community Renewal* (130 AD2d 237 [1st Dept 1987]), this court reviewed the agency's determination, holding that its ruling of February 19, 1986 was res judicata, thus barring any further administrative proceedings. Respondent now maintains that certain facts upon which this court relied in granting the petition were incorrect.

Most significantly, the pleadings herein disclose that the tenant's fair market rent appeal, which she dated April 2, 1984, was originally received by the Conciliation and Appeals Board (respondent's predecessor agency) on April 5, 1984. The

agency's date stamp is legible on the copy attached to respondent's moving papers but was not discernable on the copy originally appended to the petition appearing, in respondent's words, "as a smudge". Also apparent from respondent's application is the reason that the tenant submitted a duplicate fair market rent appeal on July 20, 1984. Her original rent appeal was returned by respondent with a letter dated June 25, 1984 which reads, in material part, "Since owners have until June 30, 1984 to register with the Division of Housing and Community Renewal, we are returning your complaint(s) and are asking you to refile your Rent Overcharge complaint *[sic]* and/ or Fair Market Rent Appeal on the enclosed Tenant Objection Form *after* you have received a copy of your apartment registration."

Whatever respondent's motive in returning the tenant's rent appeal, it was severely prejudicial to her application. Any fair market rent appeal must be submitted within 90 days following receipt of the owner's initial registration statement (form DC-2) pursuant to Rent Stabilization Law § 26-516 (a) (ii). The registration provision of the law took effect on April 1, 1984 (Emergency Tenant Protection Regulations [9 NYCRR] § 2509.1; Rent Stabilization Law § 26-517 [a]), the date the lease commenced. The tenant received her DC-2 notice on April 7, but the agency's letter, returning her rent appeal and soliciting another complaint, was not sent out until June 25 when the 90-day period was about to expire. It is therefore hardly surprising that her second rent appeal was untimely received on July 20. What is surprising is that the agency, having directed the tenant to file a second rent appeal, thereupon denied it as untimely in its order dated February 19, 1986. Unconscionable as this determination appears to be, there is no indication that administrative review was sought. To the extent administrative remedies have not been exhausted, the matter is not subject to judicial review *(Watergate II Apts. v Buffalo Sewer Auth.,* 46 NY2d 52 [1978]).

Respondent, however, argues that the tenant's original rent appeal filed April 5, 1984 remains viable, contending that it seeks relief which is different from that sought in her complaint of July 20, 1984. Although this rent appeal was returned to her on June 25, 1984, the agency states that it was resubmitted over one year later on July 31, 1985. The circumstances surrounding its resubmission are mysterious, however. Respondent states only, "The record shows that the tenants returned the original CAB date-stamped application form to

the Division on that latter date along with several other documentary submissions." Also unclear is why the agency waited until June 24, 1986 to notify the owner of the pendency of the rent appeal which it originally received on April 5, 1984 and which was resubmitted on July 31, 1985. Finally, it would not appear that the basis for the tenant's complaint of April 5, 1984 is distinguishable from that of her complaint of July 20, 1984. The agency seems to have implicitly recognized this fact in consolidating the two fair market rent appeals.

Upon considered reflection, it is appropriate to grant movant's application and to remand this matter to respondent for further administrative proceedings. Where an agency's actions are clearly unconstitutional or ultra vires or where further administrative proceedings would be futile or result in irreparable injury, administrative finality is not a prerequisite to judicial intervention *(Watergate II Apts. v Buffalo Sewer Auth., supra)* and an appropriate order in the nature of mandamus to compel (including prohibition) may issue *(Matter of Hamptons Hosp. & Med. Center v Moore,* 52 NY2d 88, *see especially,* dissenting opn, Gabrielli, J. [1981]; *Matter of Pokoik v Department of Health Servs.,* 119 AD2d 579 [2d Dept 1986]). Therefore, if further agency action would violate the principle of res judicata, it would be appropriate to prohibit further administrative proceedings as in the court's initial decision in this matter *(Matter of Raynes Assocs. Ltd. Partnership v State Div. of Hous. & Community Renewal, supra).* However, where doubt is cast upon the applicability of the doctrine, judicial review should await a final agency determination on this issue. Moreover, no record has been submitted upon this application, and the proceedings before the agency are so confusing that it is appropriate to remand the matter to respondent to develop a sufficient record to permit judicial review. It is also appropriate to impose a requirement that respondent issue its determination in a timely fashion *(Matter of Ista Mgt. Co. v State Div. of Hous. & Community Renewal,* 139 Misc 2d 1). As a final consideration, the tenant has not been made a party to this proceeding and where she retains an arguable right to proceed before the agency, no judicial determination extinguishing that right should be made without her participation in the judicial process (CPLR 1001, 7802 [d]).

Accordingly, the motion is granted to the extent of remanding this matter to respondent for further administrative proceedings. Respondent shall render a final determination of petitioner's PAR within 60 days after receipt of a copy of the order with notice of entry.