In the Matter of VINCENT GIANELLI, Petitioner, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL et al., Respondents.

Supreme Court, Queens County, January 9, 1989

### APPEARANCES OF COUNSEL

*Jack L. Glasser* for petitioner. *Dennis Hasher* for respondent.

### OPINION OF THE COURT

SIDNEY LEVISS, J.

In this CPLR article 78 proceeding petitioner, Vincent Gianelli, successor in interest of Raye Russell seeks a judgment in the nature of mandamus directing respondent to issue a final determination on a petition for administrative review filed on September 17, 1986.

Petitioner Vincent Gianelli is the owner of a one-family dwelling located at 22-11 149th Street, Whitestone, New York. Mr. Gianelli acquired the premises by a deed from Raye Russell on February 11, 1987. Emma and Louis Santo reside

in the subject premises and on October 4, 1985, they filed a complaint of rent overcharge with respondent New York State Division of Housing and Community Renewal (hereinafter DHCR). The District Rent Administrator in an order dated August 14, 1986 determined that the subject premises were subject to the Rent Control Law and established a maximum rent of $108.75. On September 17, 1986, petitioner's predecessor in interest Raye Russell filed a petition for administrative review in which she alleged that no landlord-tenant relationship existed between the parties. Mrs. Russell stated that her husband Harry Russell, deceased, was the father of Emma Santo, and that the two families occupied the same house. It is asserted that Mrs. Santo and her family lived in the house with her father and stepmother, who were the owners of the house, and that the only money collected from the Santos was for household expenses and not rent. To date, respondent has not issued a determination on this PAR. It is alleged that the Santos have not paid any rent to the petitioner since the premises were conveyed to him on February 11, 1987.

Petitioner now seeks a judgment in the nature of mandamus directing the DHCR to issue a final determination on the September 17, 1986 PAR and to vacate the order of August 14, 1986.

Respondent, in opposition, asserts that petitioner is not entitled to relief in the nature of mandamus as it failed to establish a clear right to the relief requested and that the DHCR has failed to perform a duty enjoined upon it by law. Respondent asserts that it is processing the tenant's PAR in due course, and that the delay in deciding the PAR is due to its heavy caseload. Respondent also asserts that petitioner should not be granted preferential treatment to the exclusion of other applicants equally situated and, therefore, mandamus should be denied. Finally, respondent asserts that the demand to rescind the order of August 14, 1986 is improper as mandamus may not be used to direct a particular outcome of a PAR.

It is well established that the extraordinary remedy of mandamus "is appropriate only where the right to relief is 'clear' and the duty sought to be enjoined is performance of an act commanded to be performed by law and involving no exercise of discretion". *(Matter of Kupersmith v Public Health Council,* 101 AD2d 918, 919, *affd* 63 NY2d 904, citing *Matter of Hamptons Hosp. & Med. Center v Moore,* 52 NY2d 88, 96.) The act sought to be compelled must be ministerial, nondiscretionary and nonjudgmental, and must be premised upon spe-

cific statutory authority mandating performance in a specific manner. *(Matter of Peirez v Caso,* 72 AD2d 797.)

In the case at bar, petitioner's request for mandamus as regards the September 17, 1986 PAR is granted. The DHCR failed to act on the PAR within 90 days of its filing pursuant to 9 NYCRR 2208.10 and section 26-410 of the Administrative Code of the City of New York and has retained jurisdiction over this matter. The DHCR's assertion that its obligation to issue a determination on the PAR is discretionary and judgmental and therefore nonministerial confuses the nature of the act prescribed with the process necessary for its performance. A matter submitted for determination, whether to an administrative agency or a court, imposes a clear duty to render a decision. The obligation to issue a determination is absolute and therefore ministerial. It is only the process by which the decision is reached which is judgmental. Therefore, the failure to perform the duty to render a determination within a reasonable time is grounds for mandamus to compel. In this regard, a reasonable time is a matter of statute, having been established by the Legislature as 90 days. (Administrative Code § 26-410.) Respondent DHCR argues that an order directing it to determine petitioner's PAR will merely have the effect of granting a preference over the matters pending before the agency. This point, however, cannot be argued indefinitely. The court finds that two years and four months is an unreasonable time for a matter to be pending unresolved before the agency and petitioner is entitled to the relief sought, notwithstanding the workload of the administrative agency. Petitioner, however, is not entitled to have the District Rent Administrator's order of August 14, 1986 vacated at this time, as such relief is clearly beyond the scope of mandamus. *(See, Matter of Ista Mgt. Co. v State Div. of Hous. & Community Renewal,* 139 Misc 2d 1; *cf., Mott v Division of Hous. & Community Renewal,* 140 AD2d 7.)

Accordingly, the petition is granted and respondent DHCR is ordered to issue a determination on the September 17, 1986 PAR within 60 days after a copy of the judgment to be entered herein together with notice of entry.