■ PINKY SOHN, Respondent, v LUCRETIA CALDERON et al., Appellants, and STATE OF NEW YORK DIVISION OF HOUSING AND COMMUNITY RENEWAL, Intervenor-Appellant. In the Matter of PINKY SOHN et al., Respondents, v STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Appellant, and LUCRETIA CALDERON et al., Intervenors-Appellants.—Judgment, Supreme Court, New York County (Francis Pecora, J.), entered August 17, 1988, which, *inter alia,* declared that plaintiff was entitled, under the New York City Rent and Eviction Regulations and

New York City Rent and Rehabilitation Law, to demolish the subject building, obtain certificates of eviction with respect to rent-controlled tenants and not be required to offer renewal leases to rent-stabilized tenants, conditioned upon securing from the Department of Buildings the approvals required by law, and which permanently enjoined the Department of Housing Preservation and Development and tenants from seeking to obtain an order requiring plaintiff to correct outstanding violations issued against the premises, and an order of the same court, entered July 8, 1988, which permanently enjoined the State Division of Housing and Community Renewal (DHCR) from prosecuting a harassment proceeding against plaintiff based upon claims made by tenants, are unanimously affirmed, without costs.

Appellants' argument that·the Supreme Court was without authority to issue the order, since exclusive jurisdiction allegedly rests with DHCR, has twice been considered and rejected by this court. Accordingly, the doctrine of law of the case requires that the instant argument likewise be rejected. (*Martin v City of Cohoes,* 37 NY2d 162, 165 [1975].) In any event, the record of the proceedings below supports the view that plaintiff met the requisite criteria to demolish the building under the Rent and Eviction Regulations and the New York City Rent and Rehabilitation Law, i.e., that the cost of removing violations filed against the structure would substantially equal or exceed the assessed value of the structure. (New York City Rent and Eviction Regulations [9 NYCRR] § 2204.8 [a] [1]; Administrative Code of City of New York § 26-408 [b] [4] [a].) Additionally, plaintiff demonstrated entitlement to withdraw the premises from the rental market by producing evidence of his inability to obtain a net annual return of 8½% of the assessed value of the property and demonstrating that he had not intentionally or willfully impaired his ability to obtain such a return. (Administrative Code § 26-408 [b] [5] [a].) Appellants' arguments, which would lead to a contrary result by the employment of different means of analysis, are rejected. Concur—Sullivan, J. P., Ross, Milonas and Smith, JJ.

Rubin, J., concurs in a memorandum as follows: Based upon the prior rulings in this matter, which constitute law of the case, I am constrained to concur in the result. However, it should be noted that the issues raised upon this appeal regarding the valuation of the property and the costs of removing violations at the premises are complex and require for their resolution the particular technical expertise of the Division of Housing and Community Renewal. Therefore,

under the doctrine of primary jurisdiction, they should not have been entertained by the courts in the first instance *(compare, People v Port Distrib. Corp.,* 114 AD2d 259, 265; *Eli Haddad Corp. v Cal Redmond Studio,* 102 AD2d 730). The question of concurrent jurisdiction is secondary for, as the Court of Appeals has observed: "Though the agency's jurisdiction is not exclusive, the court postpones its action until it has received the agency's views" *(Capital Tel. Co. v Pattersonville Tel. Co.,* 56 NY2d 11, 22). The better practice would have been to withhold judicial determination of this matter in the exercise of discretion pending resolution of the proceedings before the administrative agency *(Eli Haddad Corp. v Cal Redmond Studio, supra; see also, Matter of Raynes Assocs. Ltd. Partnership v State Div. of Hous. & Community Renewal,* 142 Misc 2d 90).