Wykoff SP, LLC v Bennett (2021 NY Slip Op 21098)

Wykoff SP, LLC v Bennett

2021 NY Slip Op 21098 [71 Misc 3d 45]

Accepted for Miscellaneous Reports Publication

Supreme Court, Appellate Term, Second Department, 2d, 11th 
and 13th Judicial Districts

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

As corrected through Wednesday, July 7, 2021

[*1]

Wykoff SP, LLC, Respondent,
v
Myles Bennett et al., Appellants.

Supreme Court, Appellate Term, Second Department, 2d, 11th and 13th Judicial Districts, April 16, 2021

APPEARANCES OF COUNSEL

Law Offices of Fred L. Seeman (Fred L. Seeman and Peter Kirwin of counsel) for appellants.
Kucker, Marino, Winiarsky & Bittens, LLP (Jason M. Frosch of counsel) for respondent.

{**71 Misc 3d at 46} OPINION OF THE COURT

Memorandum.

Ordered that the final judgment is reversed, without costs, the order granting landlord's motion for summary judgment is vacated, and the motion is denied.
In this holdover proceeding commenced in April 2018, landlord alleges that the premises are not subject to rent stabilization, either by virtue of the Emergency Tenant Protection Act of 1974 (ETPA) (McKinney's Uncons Laws of NY § 8621 et seq. [L 1974, ch 576, sec 4, as amended]) or Multiple Dwelling Law article 7-C (the Loft Law). Tenants asserted in their answer, insofar as is relevant to this appeal, that the premises, a converted loft space they rented beginning in 2010, are subject to rent stabilization by virtue of the ETPA. Prior to the commencement of this proceeding, tenants herein, along with other tenants in the building, commenced a declaratory judgment action in Supreme Court, Kings County, Malden v R.P.S. Props., LLC, index No. 510054/17. The plaintiffs sought, among other things, a declaration that the building is subject to and covered by the Rent Stabilization Law of 1969 (RSL) by virtue of the ETPA. (Wykoff SP, LLC, landlord herein, was subsequently substituted as the defendant in that action.) In an order entered December 24, 2018, the Supreme Court awarded landlord summary judgment dismissing the declaratory judgment complaint and declared, insofar as is relevant to this appeal, that the building is not subject to and covered by the RSL by virtue of the ETPA (Malden v Wykoff S.P., LLC, 2018 NY Slip Op 33991[U] [Sup Ct, Kings County 2018]). On March 24, 2021, the Appellate Division modified the Supreme Court's December 24, [*2]2018 order by, insofar as is relevant here, deleting the provision thereof declaring that the subject building is not subject to and covered under the RSL by virtue of the ETPA (Malden v Wykoff S.P., LLC, 192 AD3d 1002 [2d Dept 2021]).
Meanwhile, by order dated May 17, 2019, the Civil Court granted landlord's motion for summary judgment in this{**71 Misc 3d at 47} proceeding, relying upon the Supreme Court declaratory judgment action, and a final judgment awarding landlord possession was entered on June 4, 2019. In the December 24, 2018 order, the Supreme Court found that the building was an illegally converted commercial premises that was ineligible for residential use by reason of the applicable zoning, rejecting the argument that it could qualify as an interim multiple dwelling under the Loft Law (see Malden v Wykoff S.P., LLC, 192 AD3d at 1005). The December 24, 2018 declaration by the Supreme Court determined that tenants' unit was not subject to the RSL by virtue of the ETPA and therefore precluded tenants' asserted defense in the Civil Court based upon the ETPA (see Ryan v New York Tel. Co., 62 NY2d 494, 500-501 [1984]; Gramatan Home Invs. Corp. v Lopez, 46 NY2d 481, 485 [1979]).
However, effective June 25, 2019, the legislature created a new Loft Law eligibility period (from Jan. 1, 2015, to Dec. 31, 2016) and a new Loft Board application period (see Multiple Dwelling Law §§ 281, 282-a), and "it is undisputed that the tenants have since filed a coverage application under the Loft Law with the New York City Loft Board" (Malden v Wykoff S.P., LLC, 192 AD3d at 1006). Thus, in Malden v Wykoff S.P., LLC, on the plaintiffs' appeal from the December 24, 2018 Supreme Court order, the Appellate Division stated,
"[u]nder these circumstances, we cannot conclude, as a matter of law, that the subject building or the tenants' units do not meet the definition of an interim multiple dwelling under the most recent amendment to the Loft Law. Accordingly, the defendant is not entitled to summary judgment . . . declaring that the subject building is not subject to and covered under the RSL by virtue of the ETPA" (192 AD3d at 1006 [internal quotation marks and citation omitted]).
The Appellate Division recommended that "[i]n view of the tenants' pending application before the Loft Board, the Supreme Court, upon remittal, may wish to consider staying the instant action pending the Loft Board's determination" (id.).
In light of the foregoing, the final judgment awarding landlord possession in this holdover proceeding cannot stand, as landlord is likewise not entitled to summary judgment where tenants have also argued that they are protected by the RSL by virtue of the ETPA. We note that the Civil Court similarly "may wish to consider staying the instant [proceeding]{**71 Misc 3d at 48} pending the Loft Board's determination" of the application currently pending before it (id.; see Eli Haddad Corp. v Redmond Studio, 102 AD2d 730 [1984]).
Accordingly, the final judgment is reversed, the order granting landlord's motion for summary judgment is vacated, and the motion is denied.
Aliotta, P.J., Weston and Elliot, JJ., concur.