In the Matter of ARTHUR T. MOTT, Appellant, v DIVISION OF HOUSING AND COMMUNITY RENEWAL OF THE STATE OF NEW YORK et al., Respondents.

Second Department, August 15, 1988

**APPEARANCES OF COUNSEL**

*Stanford A. Schwartz* for appellant.

*Dennis B. Hasher (Lawrence Alexander* of counsel), for Division of Housing and Community Renewal of the State of New York, respondent.

### OPINION OF THE COURT

Per Curiam.

The petitioner is the landlord of a rent-regulated accommodation governed by the provisions of the Emergency Tenant Protection Act of 1974 (hereinafter the ETPA) *(see,* McKinney's Uncons Laws of NY § 8621, *et seq;* L 1974, ch 576, § 4, as amended). The District Rent Administrator rendered a determination in favor of the tenant, the respondent Salz, and on February 5, 1985, the petitioner mailed a petition for administrative review (hereinafter PAR) to the respondent Division of Housing and Community Renewal of the State of New York (hereinafter the DHCR), challenging the determination *(see,* McKinney's Uncons Laws of NY § 8632 [c]; 9 NYCRR 2510.10).

Pursuant to the ETPA, if the Commissioner of the DHCR does not act finally within a period of 90 days after a PAR is filed, or within such extended period as may be fixed by the Commissioner, the PAR shall be deemed to be denied (McKinney's Uncons Laws of NY § 8632 [c]; 9 NYCRR 2510.10). The Commissioner may, however, grant one such extension, not to exceed 30 days, with the consent of the party filing the PAR, and any further extension may only be granted with the consent of all parties to the PAR *(see,* McKinney's Uncons Laws of NY § 8632 [c]).

No decision was rendered on the petitioner's PAR within 90 days of its filing, nor did petitioner consent to any extension of this period. As a result, the PAR was "deemed denied" after 90 days of its filing. At the time this proceeding was instituted, CPLR article 78 review could be commenced by the filing of a petition in the Supreme Court within 60 days after the final determination of "any action" *(see,* McKinney's Uncons Laws of NY § 8632 [a] [4]; 9 NYCRR 2510.12). Another provision of the ETPA provides that the Commissioner may, *prior* to the date of the commencement of a CPLR article 78 proceeding, modify, supersede, or revoke any order issued by him under certain circumstances *(see,* 9 NYCRR 2510.13).

On or about July 5, 1985, the petitioner commenced this CPLR article 78 proceeding purportedly to review the initial order of the District Rent Administrator of the DHCR, and to stay enforcement of the order. By notice of cross motion, the

DHCR requested remittitur on the ground that the 90-day statutory period resulting in a "deemed denial" was directory in nature. The court granted the cross motion to remit, and thereby implicitly found that the DHCR retained jurisdiction of the matter and that the 90-day limitation was directory in nature. The DHCR was directed to issue a final determination within 20 days, or the proceeding was to be returned to the calendar.

On February 20, 1986, the DHCR issued an order and opinion, which essentially affirmed the District Rent Administrator's determination of a rent overcharge and the imposition of a penalty. A notice attached to this order informed the petitioner that he had 60 days from its issuance to commence a CPLR article 78 proceeding for review. Approximately nine months later, on or about December 1, 1986, the petitioner moved to amend the original petition to review the DHCR's final determination. The petitioner's motion to amend was denied, and the petition to set aside the initial order of the District Rent Administrator was dismissed, for failure to make the motion within the 60-day Statute of Limitations provided for in the ETPA.

On appeal, the petitioner urges that the nonfinal order of remittitur erroneously found the 90-day limitation directory in nature, and continued the DHCR's jurisdiction over the matter. We disagree.

Provisions which direct an officer to do an act at a certain time, but which do not make performance at that time of the essence, are generally regarded as directory (McKinney's Cons Laws of NY, Book 1, Statutes § 172). Delay in performance, or the neglect of such detail will not invalidate the proceeding under the statute, or terminate jurisdiction, unless the statute says so in language or by an implication necessarily to be drawn from the statutory context (see, McKinney's Cons Laws of NY, Book 1, Statutes § 172). This rule is to be followed particularly where the acts are done for the benefit of the public, and the ETPA was enacted due to the "serious public emergency" existing in the housing of persons in New York State (see, McKinney's Cons Laws of NY, Book 1, Statutes § 172; McKinney's Uncons Laws of NY § 8622).

A "deemed denial" of an administrative appeal from an initial agency determination, based merely on the passage of time, unrelated to any analysis of the facts of the case, or the application of pertinent law, is not a final denial on the merits

of the application for review, but is a legal fiction indicative of a mere neglect to act *(cf., Matter of 140 W. 57th St. Corp. v State Div. of Hous. & Community Renewal, Off. of Rent Admin.,* 130 AD2d 237, 243-245; *Matter of Bloom v Division of Hous. & Community Renewal,* 138 Misc 2d 523). The DHCR's failure to act, and the prejudice which might be occasioned thereby, provides the basis for a CPLR article 78 proceeding, which normally would sustain the remedy of mandamus to review *(see, Matter of Bloom v Division of Hous. & Community Renewal, supra; see also,* Siegel, NY Prac § 558). The 90-day "deemed denial" merely affixes the time after which a party may decide his rights are so prejudiced as to warrant judicial intervention, and as such, the statute reflects a legislative determination to substitute the remedy of mandamus to review for the remedy of mandamus to compel the DHCR to render a final determination *(see, Matter of Bloom v Division of Hous. & Community Renewal, supra; see also,* Siegel, NY Prac § 558).

We note that in this regard, the shortened 60-day Statute of Limitations is inapplicable to the commencement of a proceeding if the 90-day period expires, since this 60-day Statute of Limitations only runs "after the final determination of the order" *(see,* 9 NYCRR 2510.12). The subsequent amendment of this provision adds further support to the fact that the 90-day "deemed denial" was intended to be directory in nature, and also reveals that the commencement of a proceeding must occur within 60 days "of the ninety day period and any extension thereof provided * * * *or* the rendering of a determination, whichever is later" (L 1987, ch 600, § 2). Thus, the legislative intent evident under the former and current statute reveals that a petitioner who files a PAR but receives no determination thereon within 90 days, and who makes no agreement of extension, and receives no determination prior to the commencement of a CPLR article 78 proceeding, may commence a CPLR article 78 proceeding in the nature of mandamus to compel after the expiration of the 90-day period and prior to a final determination on the merits being rendered by the DHCR.

Since the mere passage of time does not result in a final determination, or any determination on the merits, the DHCR is neither divested of jurisdiction, nor the obligation, to render a determination by the expiration of the 90-day period, and it is the petitioner's election to seek judicial review which, in reality, renders the agency's inaction a deemed denial *(see,*

*Matter of 140 W. 57th St. Corp. v State Div. of Hous. & Community Renewal, Off. of Rent Admin.,* 130 AD2d 237, 243, *supra; Matter of Bloom v Division of Hous. & Community Renewal, supra).* As a result, the order to remit for an expedited decision on the PAR, in the nature of mandamus to compel, was warranted in light of the respondent's failure to answer the petition, and the Supreme Court exercised its inherent power to remit the case to the agency without reaching the merits of the issues *(see, Matter of Schoenstein v McGoldrick,* 279 App Div 395, *lv denied* 279 App Div 906).

The jurisdiction obtained by the Supreme Court upon commencement of the proceeding was not divested when the DHCR rendered the final determination on the merits within the prescribed time. Had the petitioner timely challenged the final determination as arbitrary or capricious or as being untimely, a motion to amend to seek review would have been sufficient. To interpret the directory nature of the statute, with its attendant reserve jurisdiction to the DHCR as automatically divesting the Supreme Court of jurisdiction, would prejudice the petitioner by requiring him to commence a new CPLR article 78 proceeding with attendant costs and new index numbers, and reward the DHCR for its failure to abide by its own time requirements. The DHCR's interpretation would only increase the number of court applications and overburden the judicial system. Amendment of the petition with notice to the DHCR, and a provision for time for it to answer is sufficient to convert the proceeding from one in the nature of mandamus to compel to one in the nature of mandamus to review.

However, since the petitioner failed to so move within the 60-day Statute of Limitations applicable to the final determination, the motion to amend was properly denied and the petition properly dismissed. Accordingly, the order and judgment should be affirmed.

THOMPSON, J. P., SPATT, SULLIVAN and HARWOOD, JJ., concur.

Ordered that the order and judgment is affirmed, with costs.