■ In the Matter of ARTHUR T. MOTT, Appellant, v DIVISION OF HOUSING AND COMMUNITY RENEWAL OF THE STATE OF NEW YORK et al., Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the District Rent Administrator of the Division of Housing and Community Renewal of the State of New York, dated June 20, 1986, which, *inter alia,* found the respondent tenants entitled to certain rent reductions, the petitioner appeals from (1) an order of the Supreme Court, Nassau County (Collins, J.), dated July 1, 1987, which granted the motion of the respondent Division of Housing and Community Renewal of the State of New York to remit the proceeding for a final agency determination; and (2) an order and judgment (one paper) of the same court, entered March 11, 1988, which denied his motion to amend the petition and dismissed the proceeding.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the order and judgment is reversed and the petitioner's motion to amend the petition is granted; the petitioner's time to serve an amended petition is extended until 20 days after service upon him of a copy of this decision and order with notice of entry; and it is further,

Ordered that the appellant is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action *(see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the order and judgment (CPLR 5501 [a] [1]).

The petitioner Arthur T. Mott is the landlord of an apartment building located in Glen Cove, New York, which is subject to the provisions of the Emergency Tenant Protection Act of 1974 (hereinafter the ETPA; McKinney's Uncons Laws of NY § 8621 *et seq.* [L 1974, ch 576, § 4, as amended]). On July 2, 1985, Mott filed an application to convert the subject building from master metering, where charges for electricity are included in the rent, to individual metering, where elec-

tricity is not part of the rent and tenants are billed separately by the electric company. By order and determination dated June 20, 1986, the District Rent Administrator of the Division of Housing and Community Renewal of the State of New York (hereinafter the DHCR) granted Mott's application, and also determined the amount of rent reductions due to tenants as compensation for the exclusion of electric from their rent. Dissatisfied with the manner in which the rent reductions were calculated, on July 17, 1986, Mott filed a petition for administrative review with the DHCR, challenging the District Rent Administrator's determination *(see,* McKinney's Uncons Laws of NY § 8632 [c]; 9 NYCRR 2510.10).

Pursuant to the ETPA if the Commissioner of the DHCR does not determine a petition for administrative review within 90 days after it is filed, the petition is deemed denied (McKinney's Uncons Laws of NY § 8632 [c]; 9 NYCRR 2510.10). The 90-day period may be extended with the consent of all parties to the proceeding *(see,* McKinney's Uncons Laws of NY § 8632 [c]).

No decision was rendered by the DHCR on the petition for administrative review within 90 days of its filing, and it is uncontroverted that no extension of this time limit was agreed to by the parties herein. As a result, at the expiration of the 90-day period, the petition for administrative review was deemed denied *(see, Matter of Mott v Division of Hous. & Community Renewal,* 140 AD2d 7, 8, *lv denied* 73 NY2d 808).

On or about December 23, 1986, the petitioner commenced this CPLR article 78 proceeding purportedly to review the June 20th order of the DHCR. By notice of cross motion, the DHCR requested that the matter be remitted to allow a final determination of the petition for administrative review to be made. The Supreme Court granted the cross motion, and directed the DHCR to issue a final determination within 90 days.

On July 31, 1987, the DHCR issued an order and opinion recalculating the rent reductions to which the tenants were entitled. Two months later, by notice of motion mailed on September 29, 1987 and received by the DHCR on October 2, 1987, Mott sought to amend his original petition to review the DHCR's final determination, contending that the DHCR's calculation of rent reductions was arbitrary and capricious. The Supreme Court denied the motion, finding that the CPLR article 78 proceeding had been completely terminated upon the issuance of the DHCR's final determination on July 31,

1987, and that the proposed amended CPLR article 78 petition seeking review of the DHCR's final determination was barred by the applicable 60-day Statute of Limitations because it was received by the DHCR on October 2, 1987 *(see,* McKinney's Uncons Laws of NY § 8632 [a] [4]). We disagree.

The 90-day "deemed denial" provision of the ETPA reflects a legislative determination to substitute the remedy of mandamus to review for the remedy of mandamus to compel the DHCR to render a final determination *(see, Matter of Mott v Division of Hous. & Community Renewal,* 140 AD2d 7, 9-10, *lv denied* 73 NY2d 808, *supra; Matter of Bloom v Division of Hous. & Community Renewal,* 138 Misc 2d 523). The jurisdiction obtained by the Supreme Court upon the commencement of a "deemed denial" proceeding to compel a final administrative determination is not divested when the DHCR renders that final determination *(see, Matter of Mott v Division of Hous. & Community Renewal, supra).* Therefore, amendment of the petition with notice to the DHCR, and a provision of time for it to answer, is sufficient to convert the proceeding from one in the nature of mandamus to compel a final determination to one in the nature of mandamus to review the subsequently rendered determination, provided that the petitioner has moved within the 60-day Statute of Limitations applicable to final determinations *(see, Matter of Mott v Division of Hous. & Community Renewal, supra).* A contrary interpretation of the statute as automatically divesting the Supreme Court of jurisdiction upon the DHCR's issuance of a final determination would prejudice Mott, by "requiring him to commence a new CPLR article 78 proceeding with attendant costs and new index numbers, and reward the DHCR for its failure to abide by its own time requirements" *(Matter of Mott v Division of Hous. & Community Renewal, supra,* at 11).

Turning to the issue of whether Mott's motion to amend his petition was timely made, we note that the last date upon which he could have sought such leave within the applicable 60-day Statute of Limitations' period, was September 29, 1987. In light of the Supreme Court's continuing jurisdiction over this matter, CPLR 2103 (b), which provides in relevant part that "papers to be served upon a party in a pending action shall be served upon his attorney" and CPLR 2103 (b) (2), which further permits service upon an attorney to be made by mail, are applicable. As the CPLR further deems service by mail of papers upon an attorney complete upon the act of depositing the papers in a post office or mailbox *(see,* CPLR 2103 [b] [2]; *see also,* Siegel, NY Prac § 202), we find that

Mott's service of his motion papers upon the DHCR's counsel by mail on September 29, 1987, was timely. Bracken, J. P., Lawrence, Kunzeman and Kooper, JJ., concur.