■ In the Matter of DORCHESTER ASSOCIATES, Appellant, v STATE OF NEW YORK DIVISION OF HOUSING AND COMMUNITY RENEWAL et al., Respondents.—Order and judgment (one paper), Supreme Court, New York County (Jawn A. Sandifer, J.), entered October 26, 1988, dismissing the petition in this CPLR article 78 proceeding seeking relief in the nature of mandamus directing respondent to issue determinations in three pending matters, unanimously reversed, on the law and on the facts, without costs or disbursements, to the extent of granting the petition with respect to apartment No. 1023, now pending under docket No. 410009-RP, and directing respondent to render a final determination in said matter within 60 days of this court's order. With respect to the matters involving apartments Nos. 427 (docket No. 079169-6) and 1022 (docket No. Ck410030-RP), the petition is dismissed as moot.

In its condominium offering plan dated September 26, 1984, petitioner, the owner-sponsor of the subject premises, the Dorchester Towers, acknowledged the existence of a number

of pending rent overcharge complaints against the prior owner before the DHCR. It was further represented that, pending a resolution of these complaints, closings on the affected apartments, as to which the purchase prices were "locked in" upon execution of the subscription agreement, would not be scheduled. The options to purchase these apartments at the insider price remained open. Petitioner commenced this proceeding in the nature of mandamus directing the DHCR to issue determinations on three matters which were still open.

As petitioner now concedes, however, the DHCR has rendered a final determination on administrative review (PAR) with respect to apartment No. 427. As to apartment No. 1022 the DHCR represents, and it is not denied, that it rendered a determination remanding the matter to the District Rent Office for further processing, and that an order will be issued shortly. Thus, the matter is no longer pending at the PAR level and, if any forthcoming order is to be challenged, a new petition for administrative review will be required. Consequently, the only active matter before the DHCR is the petition relating to apartment No. 1023.

If the DHCR Commissioner does not act finally within a period of 90 days after a petition for review or within such extended period as may be fixed by the Commissioner, the petition is deemed denied. *(See, Matter of Mott v Division of Hous. & Community Renewal,* 140 AD2d 7, 8; McKinney's Uncons Laws of NY § 8632 [c] [Emergency Tenant Protection Act of 1974 (L 1974, ch 576, § 4) § 12 as amended]; 9 NYCRR 2510.10.) The Commissioner may grant one such extension not to exceed 30 days on the consent of the party filing the petition; any further extension may be granted only with the consent of all parties. (9 NYCRR 2510.10.) No extensions were here sought. Since the mere passage of time does not result in a final determination on the merits, the remedy of judicial review is unavailable. *(Matter of Mott v Division of Hous. & Community Renewal, supra,* at 9-10.) The setting of the 90-day period, however, reflects a legislative intent to make the remedy of mandamus available to compel a final determination. *(Supra,* at 10-11.) Since the complaint involving apartment No. 1023 has been pending since June 18, 1987, well beyond the 90-day period, petitioner is entitled to relief in the nature of mandamus. Both petitioner and the complaining tenant have been prejudiced by the delay since the sale of the unit is affected. Thus, the petition should be granted to the extent indicated. Concur—Sullivan, J. P., Asch, Milonas, Rosenberger and Wallach, JJ.