■ In the Matter of ARTHUR T. MOTT, Appellant, v DIVISION OF HOUSING AND COMMUNITY RENEWAL OF THE STATE OF NEW YORK et al., Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the District Rent Administrator of the Division of Housing and Community Renewal of the State of New York, dated January 30, 1985, which, *inter alia,* found the respondent tenant entitled to certain rent reductions, the petitioner appeals from (1) an order of the Supreme Court, Nassau County (Molloy, J.), dated

January 23, 1986, which granted the cross motion of the respondent Division of Housing and Community Renewal of the State of New York to remit the matter to it for a final determination, and (2) an order and judgment of the same court (Goldstein, J.), dated September 20, 1988, which granted the motion of the Division of Housing and Community Renewal of the State of New York to dismiss the amended petition.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the order and judgment is affirmed; and it is further,

Ordered that the respondent Division of Housing and Community Renewal of the State of New York is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because no appeal lies as of right from an order in a proceeding pursuant to CPLR article 78 (see, CPLR 5701 [b] [1]), and any right of direct appeal therefrom terminated with the entry of an order and judgment in the action (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the order and judgment (CPLR 5501 [a] [1]).

The Supreme Court properly exercised its inherent power to remit the matter to the respondent agency for a final determination, without reaching the merits of the issues raised in a prior proceeding brought by the petitioner pursuant to CPLR article 78 (see, Matter of Mott v Division of Hous. & Community Renewal, 140 AD2d 7, 9, 11).

Moreover, once a final determination had been made by the respondent agency, in order to seek review of that determination the petitioner was required to either move to amend the petition within 60 days of the final determination or mail an amended petition to the respondent agency within that time (see, Matter of Mott v Division of Hous. & Community Renewal, supra). The petitioner having failed to do so, the Supreme Court properly dismissed the proceeding (see, Matter of Mott v Division of Hous. & Community Renewal, supra; cf., Matter of Mott v Division of Hous. & Community Renewal, 147 AD2d 571, 573).

The petitioner's remaining contentions are either issues which are improperly raised for the first time on appeal and are not within the record (see, American Indem. Contr. Co. v Travelers Indem. Co., 54 AD2d 679, affd 42 NY2d 1041), or are

without merit. Brown, J. P., Eiber, Sullivan and Harwood, JJ., concur.