OPINION OF THE COURT
Richard F. Braun, J.
Petitioner moves to restore this summary proceeding for nonpayment of rent to the Trial Calendar of this court. Respondent cross-moves for an order pursuant to CPLR 2201, staying this proceeding pending the determination by the New York State Division of Housing and Community Renewal (DHCR) of a petition for administrative review (PAR) and directing DHCR to expedite its determination of the PAR. The motion and cross motion are consolidated for disposition.
DHCR is the State agency assigned the responsibility to rule on rent overcharge complaints. On February 6, 1990, DHCR granted respondent’s rent overcharge complaint. DHCR ordered that respondent’s rent be reduced and that petitioner refund to respondent a rent overcharge collected from her for the period from February 1, 1985 through January 31, 1989. Petitioner then filed a PAR requesting that the DHCR order be modified (not reversed) to the extent of splitting the liability found against petitioner with the prior owner of the subject building, due to petitioner’s allegedly taking title thereto in July 1985 (no day of that month was specified by petitioner in its PAR).
The subject apartment is rent stabilized. When a PAR is filed against a DHCR order regarding a rent-stabilized apartment, a stay occurs under certain circumstances. Rent Stabilization Code § 2529.12 (9 NYCRR) provides: "The filing of a PAR against an order, other than an order adjusting, fixing or establishing the legal regulated rent, shall stay such order until the final determination of the PAR by the commissioner. Notwithstanding the above, that portion of an order fixing a penalty pursuant to section 2526.1 (a) of this Title [Overcharge penalties] * * * shall also be stayed by the timely filing of a *236 PAR against such orders until 60 days have elapsed after the determination of the PAR by the commissioner. However, nothing herein contained shall limit the commissioner from granting or vacating a stay under appropriate circumstances, on such terms and conditions as the commissioner may deem appropriate.” Therefore, petitioner’s filing of a PAR for the subject premises stayed the DHCR overcharge order but not the portion of the order decreasing the legal regulated rent.
However, petitioner’s PAR challenges only so much of the DHCR order that found an overcharge against petitioner for the period from February 1, 1985 through July 1985. Therefore, by its failure to challenge the rent overcharge found by DHCR for the period from August 1, 1985 through January 31, 1989, petitioner has admitted its liability to respondent for that period of rent overcharge.
The total amount of rent overcharge found by DHCR was $4,991.41. According to the DHCR order, the rent overcharge during the period from February 1, 1985 through July 1985 was $97.59 per month. The total overcharge for those six months is $585.54. That leaves an undisputed rent overcharge amount of $4,405.87. The allegation by respondent’s attorney that a further rent overcharge was collected by petitioner after January 31, 1989 is not made by a person with personal knowledge, and is not supported by any documentary evidence. Therefore, the contention will be disregarded.
Respondent has received an order from DHCR which in significant part is undisputed by petitioner, and thus will not be overturned pursuant to the PAR filed by petitioner, but at best will be modified. The monthly rent amount has been reduced, and no PAR was taken by petitioner from that part of the order. Because the undisputed amount of rent overcharge exceeds the amount sought in the petition ($1,452.70), this court should stay this proceeding to allow DHCR to reach a final determination on petitioner’s PAR regarding the amount of rent overcharge for which petitioner is liable.
The circumstances here are very different from those in which courts have refused to stay summary proceedings for nonpayment of rent or have declined to hear affirmative defenses and counterclaims based on alleged rent overcharges, where a DHCR overcharge complaint was pending. (Cf., Fromme v Perper, NYLJ, May 6, 1987, at 12, col 1 [App Term, 1st Dept] [initial DHCR overcharge proceeding was still pending]; Melohn Found. v Bruck, NYLJ, Nov. 20, 1986, at 11, col 1 *237 [App Term, 1st Dept] [initial DHCR overcharge proceeding was still pending].) In a proper case, a stay can be issued by a court to await the determination of DHCR. (Bozzi v Goldblatt, 160 AD2d 647 [1st Dept 1990]; 24 Fifth Ave. Assocs. v Harder, NYLJ, Feb. 24, 1989, at 22, col 2 [App Term, 1st Dept]; Fleur v Croy, NYLJ, Aug. 9, 1989, at 19, col 2 [Civ Ct, NY County].) This is such a case. In those three cases, the courts spoke of a stay being appropriate if DHCR’s expertise is needed regarding issues involved in the litigation. Although DHCR’s expertise is not necessarily needed here, a stay is appropriate because it would not be equitable to permit petitioner to obtain a judgment, upon which respondent could be evicted from her home, for an amount of rent which is significantly less than the undisputed amount of rent overcharge that DHCR already has ruled is due to respondent.
By order of December 27, 1990, respondent’s motion to dismiss this proceeding or grant her summary judgment was denied. Contrary to petitioner’s argument, that order does not preclude this court from granting respondent’s subsequent motion for a stay. Although respondent’s arguments in support of the earlier motion were also based on the consequences of the DHCR order, the relief requested in that motion obviously would have been of different effect than the relief granted here.
Pursuant to CPLR 2201, respondent’s cross motion is granted to the extent of staying this proceeding until DHCR issues its determination on petitioner’s PAR. The statute provides that the stay may be conditioned "upon such terms as may be just”. It would be inequitable to stay petitioner from collecting any rent until DHCR determines the PAR, as that could take a considerable length of time. (See, Haddad Corp. v Redmond Studio, 102 AD2d 730 [1st Dept 1984]; Fleur v Croy, supra.) Therefore, after the undisputed amount of rent overcharge found by DHCR has been credited against rent arrears and future rent as it comes due, respondent shall pay use and occupancy without prejudice to petitioner in the amount of the lawful rent set by DHCR, plus any legal increases above that amount allowed under the Rent Stabilization Law and Code. (See, Bozzi v Goldblatt, 160 AD2d, at 648, supra.) The payments shall be made each month on the date due under the rental agreement between the parties for the subject premises.
Petitioner’s motion to restore this proceeding to the Trial Calendar of this court is denied as academic. Also, *238 petitioner failed to comply with the clear mandate of 22 NYCRR 208.14 (c), as to the requirements for motions to restore actions or proceedings to a Trial Calendar. Said provision states: "A motion must be supported by affidavit by a person having firsthand knowledge, satisfactorily explaining the reasons for the action having been stricken and showing that it is presently ready for trial.” Although petitioner satisfies the first requirement of the rule, petitioner does not comply with the second portion in that petitioner does not in any way demonstrate that the proceeding is presently ready for trial.
If respondent fails to comply with this court’s order as to payment of use and occupancy, or after DHCR determines the PAR, petitioner may move upon proper papers to restore this proceeding to the Trial Calendar of this court, if it so desires.
Finally, respondent’s motion for an order to direct DHCR to expedite determination of petitioner’s PAR is denied. That relief must be sought in a special proceeding pursuant to CPLR article 78. This court does not have subject matter jurisdiction over such a proceeding, which must be brought in the Supreme Court. (CPLR 7804 [b].)