■ In the Matter of 2421 REALTY COMPANY, Appellant, v

NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RE-
NEWAL, Respondent. [598 NYS2d 213] —Order, Supreme Court,
Bronx County (Barry Salman, J.), entered February 6, 1992,
which denied petitioner's motion for attorneys' fees pursuant
to CPLR article 86, unanimously affirmed, without costs.

The IAS Court properly denied attorneys' fees pursuant to
CPLR 8601 to petitioner-landlord which had previously ob-
tained a writ of mandamus to compel respondent State agency
to render a final determination on two petitions for adminis-
trative review (PAR) brought by tenants challenging the State
agency's grant of petitioner's request for a major capital
improvement (MCI) rent increase. Respondent agency ulti-
mately upheld the grant of an MCI to petitioner, but peti-
tioner sought to recover attorneys' fees urging, *inter alia,* that
respondent was statutorily mandated to determine the PAR
within 90 days of filing, which it had failed to do.

It is initially noted that CPLR article 86 is in derogation of
the common law because it shifts to the State the obligation
for the payment of counsel fees in limited circumstances and
thus is to be strictly construed *(Matter of Peck v New York
State Div. of Hous. & Community Renewal,* 188 AD2d 327).
Here, respondent's obligation to adjudicate PAR reviews
within the specified time is directory *(see, Matter of 140 W.
57th St. Corp. v State Div. of Hous. & Community Renewal,*
130 AD2d 237), as the failure to comply with the 90-day rule
merely permits the petition to be "deemed denied" for pur-
poses of allowing a party to bring a writ of mandamus *(Matter
of Dorchester Assocs. v State of N. Y. Div. of Hous. & Commu-
nity Renewal,* 149 AD2d 388). On the facts contained in this
record, the agency's failure to render a decision within 90
days was "substantially justified" within the meaning of the
statute (CPLR 8601 [a]; *see, Pierce v Underwood,* 487 US 552,
565). Concur—Sullivan, J. P., Carro, Ellerin and Wallach, JJ.