OPINION OF THE COURT
Michael D. Stallman, J.
Respondent’s motion for vacatur of an eviction, and summary judgment, concerns the relationship between CPLR 5015 and the issue preclusion (collateral estoppel) doctrine. Specifically, may a court vacate its own judgment after over five years because of the reversal of an administrative proceeding on which the court’s judgment was based?
Respondent leased the subject rent-stabilized apartment in 1985 for $2,874 per month. Respondent filed an overcharge complaint, which the Division of Housing and Community Renewal (DHCR) denied in 1987. In 1988, respondent filed a petition for administrative review (PAR) and petitioner commenced this summary nonpayment proceeding. A Civil Court Judge granted petitioner summary judgment in reliance on the initial DHCR order, awarded petitioner possession and a money judgment based on the $2,874 monthly rent, and dismissed respondent’s counterclaims for overcharge, treble damages and attorney’s fees.
Two days after entry of judgment, DHCR granted the PAR, found a willful overcharge and entitlement to treble damages, and reduced the rent to $923.46 per month. Petitioner challenged the final DHCR order by CPLR article 78 proceeding; in 1991, the Supreme Court determined that the monthly rent should be $2,400. The Appellate Division, First Department, modified, reinstating the final DHCR determination of the legal rent and treble damages.[1]
CPLR 5015 (a) provides that the court which rendered a *111 judgment or order may relieve a party from it upon such terms as may be just, on a motion of any interested person with such notice as the court may direct, upon five stated grounds: (1) excusable default, (2) newly discovered evidence, (3) fraud, misrepresentation or misconduct, (4) lack of jurisdiction, or (5) reversal, modification or vacatur of a prior judgment or order upon which it is based.
Respondent incorrectly considers the final DHCR order "newly discovered evidence”, and evidence of fraud, misrepresentation or misconduct. However, the order does satisfy CPLR 5015 (a) (5). CPLR 5015 (a) (5) is not limited to reversal or modification of a prior judicial decision by another court. The statute’s wording and intent embrace an administrative reversal of an administrative determination relied upon by a Judge who rendered the decision from which relief is sought.
In opposition, petitioner alleges improprieties in the administrative proceedings; those issues are not properly before this court. Petitioner challenged the final DHCR order in a CPLR article 78 proceeding and had a full opportunity to be heard. Accordingly, this court vacates the prior Civil Court order and the possessory and money judgment.
The court grants respondent’s summary judgment motion on the overcharge and treble damage counterclaims, based on the doctrine of issue preclusion. Factual determinations of administrative proceedings are entitled to issue preclusion effect if they meet certain conditions: the proceeding must have been quasi-judicial, the agency must have had authority to act adjudicatively and to have decided that issue, and the procedure used must have permitted adequate exploration of the facts consistent with the parties’ expectations that the result would be final and binding. The agency determination must also satisfy the requirements for issue preclusion in judicial proceedings: the issue must be identical to the one that was decided in the prior proceeding, the issue must have been litigated and the parties must have had a full and fair opportunity to litigate. (See, Allied Chem. v Niagara Mohawk Power Corp., 72 NY2d 271; Ryan v New York Tel. Co., 62 NY2d 494; see generally, Stallman, Former Adjudication [Res Judicata and Collateral Estoppel], in Weinstein-Korn-Miller, CPLR Manual, § 25.04 [e] [2] [Chase 2d ed 1993].) These conditions have been met here.
The DHCR apparently did not compute the total overcharge or treble damages and did not credit payments respon *112 dent may have made. Accordingly, respondent cannot enter the DHCR order as a judgment, as intended by statute (see, Rent Stabilization Law of 1969 [Administrative Code of City of NY] § 26-516 [a] [5]).[2] Neither can this court enter a money judgment here without a hearing. Nevertheless, the absence of a specific dollar amount, and the lack of self-executing language, do not disqualify the final DHCR order from issue preclusion effect. DHCR did determine that the legal rent is $923.46 and that the overcharge was willful.
Similarly, the prior Civil Court dismissal of counterclaims does not bar the relief sought here. The court dismissed the counterclaims because the initial DHCR order was then entitled to issue preclusion effect. The final DHCR order reversed the initial DHCR order; therefore, upon its reversal, the initial DHCR order could have no preclusive effect. Accordingly, the 1988 Civil Court order, which relied on the reversed DHCR order, no longer can be considered law of the case.
For this court to relegate the tenant to a plenary action on the overcharge, as petitioner urges, would be contrary to law and manifestly unjust. It would reward petitioner’s own wrongdoing. It would subvert the purpose of the DHCR proceeding by forcing respondent to try the overcharge issue already litigated and resolved.
Respondent’s overcharge counterclaim is inextricably intertwined with petitioner’s claim for possession and rent; thus respondent may maintain the counterclaim despite contrary lease language. (Sutton Fifty-Six Co. v Fridecky, 93 AD2d 720; Coronet Props. Co. v Lederer, NYLJ, Feb. 21, 1986, at 12, col 2 [App Term, 1st Dept].) Accordingly, the court severs the overcharge, treble damage and attorney’s fees counterclaims for a hearing on the amounts due.
The court grants respondent’s motion for summary judgment dismissing the petition.[3] The petition alleges that the $2,874 monthly rent demanded does not exceed the lawful stabilized rent. Given the DHCR finding of $923.46, the petition does not accurately set forth the facts of the summary *113 proceeding as required by RPAPL 741 (4). This is not only a fatal pleading defect; petitioner would be unable to prove its case at trial. Issue preclusion, which prevents petitioner from challenging the final DHCR order, also bars petitioner from pursuing this proceeding based on allegations already found false.
[Portions of opinion omitted for purposes of publication.]

. The Appellate Division denied petitioner’s motion for reargument and leave to appeal. (Order, Aug. 26,1993.)

. Rent Stabilization Law § 26-516 (a) (5) provides for two alternatives for recovering a rent overcharge: entering a DHCR rent overcharge order as a judgment or deducting 20% of the amount of the overcharge against future rents as they become due until full recovery. Given the wording of the DHCR order, the clerk would be unable to enter judgment. To hold otherwise would require a clerk to perform a nonministerial, judicial function.

. Full text is filed under index No. L&T 072431/93 and published in the New York Law Journal (Dec. 23, 1993, at 34, col 1).