*164 OPINION OF THE COURT
George M. Heymann, J.
In this nonpayment proceeding, petitioner moves this court by notice of motion for the entry of a final judgment (possessory and monetary) and the issuance of a warrant based upon the respondent’s failure to comply with a court-ordered stipulation dated November 19, 1993.
The respondent cross-moves for the following relief:
(1) dismissal of the proceeding with prejudice; or
(2) denying petitioner’s motion for a final judgment and warrant of eviction; or
(3) vacating the stipulation of November 19, 1993; or
(4) in the alternative, seeking a stay of the housing court proceedings pending a final determination from the Division of Housing and Community Renewal (DHCR) of petitioner’s petition for administrative review (PAR); and
(5) declaring that respondent is legally liable only for the monthly rent as determined in a DHCR order finding rent overcharge.
This proceeding was commenced by the service of a notice of petition and petition dated October 13, 1993, alleging, inter alla, that pursuant to a written rental agreement the respondent’s monthly rent was $725; that the apartment is subject to the Rent Stabilization Law of 1969 (Administrative Code of City of NY, tit 26, ch 4) and that the rent does not exceed the lawfully stabilized rent permitted under the law.
As noted above, on November 19, 1993 both parties, via their respective counsel, entered into a stipulation whereby the respondent acknowledged owing $4,752, representing all rent due through November 30, 1993, and agreed to pay said amount to petitioner on December 10, 1993. The stipulation further provided that the aforesaid amount did not include the rent for December 1993 which was to be paid when due, and that in the event of a default in any payment the petitioner could move for the entry of final judgment on five days’ written notice to the tenant.
As a result of the respondent’s failure to tender payment as per said stipulation, the petitioner made the instant motion dated January 13, 1994, returnable February 9, 1994.
On the return date, respondent’s counsel opposed the motion on the grounds that subsequent to the date the stipulation was entered and prior to the date of petitioner’s motion, *165 respondent received an order from the DHCR finding a rent overcharge. Counsel then requested, and was granted, a brief adjournment to submit a written cross motion to the court.
The DHCR overcharge order was issued on December 10, 1993 and provides in relevant part that as of April 1, 1991 the collectible rent is $427.28 per month; that there is an overcharge in the amount of $5,358.96; treble damages in the amount of $10,717.92; and excess security in the amount of $297.72 for a total overcharge (Apr. 1, 1991-Sept. 30, 1992) of $16,374.60.
On January 24, 1994, the petitioner filed a PAR seeking to overturn the overcharge order. The matter is currently pending before the DHCR.
Rent Stabilization Code (RSC) (9 NYCRR) § 2529.12 pertaining to the stay of proceedings by the filing of a PAR reads in part as follows: "The filing of a PAR against an order, other than an order adjusting, fixing or establishing the legal regulated rent, shall stay such order until the final determination of the PAR by the commissioner. Notwithstanding the above, that portion of an order fixing a penalty pursuant to section 2526.1 (a) of this Title * * * shall also be stayed by the timely filing of a PAR against such orders until 60 days have elapsed after the determination of the PAR by the commissioner. However, nothing herein contained shall limit the commissioner from granting or vacating a stay under appropriate circumstances, on such terms and conditions as the commissioner may deem appropriate.”
Thus, petitioner’s filing of the PAR stayed that portion of the DHCR order finding an overcharge and treble damages but not its determination as to the legal regulated rent and/or collecting rent.
To assist owners and tenants with respect to orders issued by a Rent Administrator, and to clarify various sections of the RSC, DHCR publishes "Fact Sheet[s]” which outline, for example, how a tenant can collect rent overcharge penalties from an owner (No. 16 — Collecting Owner’s Overcharge in Rent Stabilized NYC Apartments) or how an owner or tenant aggrieved by an order may file a PAR with DHCR (No. 18— Appealing a Rent Administrator’s Order: Petition for Administrative Review).
Fact Sheet No. 16 states in part that:
"The timely filing of a PAR by the owner will prevent the tenant from offsetting any rent overcharges and penalties *166 until the Commissioner rules on the PAR, or an Article 78 court proceeding (Civil Practice Law and Rules) makes a final determination of the PAR overcharges and penalties.
"The timely filing of a PAR against the Rent Administrator’s overcharge determination does not affect that part of the order adjusting the tenant’s legal regulated rent. Therefore, unless the Commissioner specifically authorized otherwise, the tenant may begin to pay the lower rent effective the rent payment date following the issuance of the order. ” (Emphasis added.)
As applied to the case at bar, until a final determination is made on the PAR the respondent may not use the overcharge order as a shield to avoid the consequences of failing to pay the rent alleged due and owing ($725 per month) prior to the effective date of the order. However, the petitioner does not dispute that the respondent is entitled to pay the lesser rent ($427.28) as of January 1, 1994 which is "the rent payment date following the issuance of the [Rent Administrator’s] order”. (Fact Sheet No. 16, op. cit.)
According to Fact Sheet No. 18: "The proper filing of a PAR against a rent administrator’s order, other than an order adjusting, fixing or establishing the legal regulated rent, stays (freezes) that order until the Commissioner makes a final determination. Where an Administrator’s Order provides for an adjustment in rent, the retroactive portion of the adjustment, if any, is generally put on hold but not the prospective portion altering the future rent.” (Emphasis in original.)
Based upon RSC § 2529.12 and Fact Sheet No. 18 (op. cit.), which provide that the filing of a PAR stays an order until a final determination is made by the Commissioner, the respondent argues that the entire proceeding is stayed and that this court cannot enter any judgment during the pendency of said PAR.
The petitioner contends that the landlord is entitled to a final judgment which includes the higher rent until the date the rent reduction order became effective (Jan. 1, 1994).
Neither at oral argument nor in their moving papers did either counsel support their respective positions with any decisional law specifically on point, to wit: whether this court can enter a final judgment for arrears due and owing prior to January 1, 1994 before a final determination is made by DHCR.
It is the opinion of this court that respondent’s conclusion *167 that RSC § 2529.12 stays the entire proceeding, as opposed to the mere implementation of the overcharge order, is incorrect.
In Gelbart v Borglum (195 AD2d 416 [1st Dept 1993]) the plaintiff (tenant) obtained a judgment against the defendant (landlord) in the amount of $9,631.34 based upon a DHCR order. The Supreme Court’s denial of defendant’s motion to vacate the judgment was unanimously reversed by the Appellate Division which held that (at 416): "Pursuant to Rent Stabilization Code (9 NYCRR) § 2529.12, that portion of an order fixing a rent overcharge penalty shall be stayed by the filing of a petition for administrative review ('PAR’) until 60 days after determination of the PAR. In this case, we find that the IAS Court erred in finding that defendant had not met her burden of establishing that she had filed a PAR to the Division of Housing and Community Renewal’s ('DHCR’) finding that she had overcharged plaintiff.”
In the instant matter there is no dispute that the petitioner timely filed a PAR which, in accord with Gelbart (supra), prevents the respondent from either filing and enforcing the order as a judgment or seeking to offset future rent until the matter is resolved.
In Yanni v Brandwen Prods. (NYLJ, Dec. 30, 1993, at 34, col 1, 160 Misc 2d 109 [partially published]), the court vacated a final judgment where the issue of rent overcharge was finally determined by the Appellate Division in the tenant’s favor by reinstating a DHCR order which set the legal rent and awarded treble damages. The court determined that (at 34, col 3) "to relegate the tenant to a plenary action to recover the amount of the rent overcharge, and to enforce the judgment of possession based upon an obsolete assumption [that there was no overcharge], would not only be contrary to law, but would be manifestly unjust. Such a holding would reward petitioner for its own wrongdoing. It would undermine the purpose of conducting the DHCR administrative proceeding by forcing respondent to relitigate the overcharge claim already fully litigated and resolved in his favor. Moreover, it would effectively validate what has already been found to be a 'wrongful willful overcharge’ by making it the basis of an eviction, thus leaving the respondent without any genuine recourse.”
Unlike the case in Yanni (supra), the instant matter has not, as yet, been fully litigated. There, the court held that the petitioner could not challenge the determination of the DHCR as to the lawful rent and that the overcharge was willful and *168 that the factual determinations of the administrative proceedings were entitled to "issue preclusion [collateral estoppel] effect” (160 Misc 2d, at 111). In order for a DHCR order to be entitled to issue preclusion effect, it must constitute a final and binding agency determination. Here, the Rent Administrator’s order is not a final and binding decision and thus cannot be used by this court as a basis for any determination. Although an unjust result may occur if the respondent is unable to satisfy a judgment, is thereafter evicted and is subsequently successful in her overcharge claim requiring a plenary action to recover her overcharge award, the court is not bound to stay this proceeding for an unspecified, indefinite time period. (See, 176 W. 87th St. Equities v Amador, 151 Misc 2d 234.) Moreover, such situations must have been contemplated by DHCR in that the last paragraph of the Rent Administrator’s order states: "In the event that the owner is subsequently notified by DHCR that the subject tenant cannot be located, the owner is directed pursuant to this Order to deposit the full amount of the overcharge award into a DHCR escrow account.” (Emphasis added.)
For the foregoing reasons, this court concludes that the proper interpretation and implementation of RSC § 2529.12 is to stay the enforcement of the Rent Administrator’s overcharge order prior to its effective date and not to stay the legal proceeding in its entirety.
Further, since the order is still being contested, respondent is not entitled to dismissal of the petition on the grounds that "it is jurisdictionally defective in that it incorrectly states that it does not exceed the lawfully stabilized rent permitted under the law.” At the time this proceeding was commenced the rental amount stated in the petition was the "correct” rent as evidenced by the stipulation entered into by counsel for both parties.
Accordingly, branches 1, 2, 3 and 4 of respondent’s cross motion are denied. Branch 5 is granted to the extent that respondent will continue to pay her monthly rent in the amount of $427.28 unless otherwise notified by the DHCR.
The petitioner’s motion is granted to the extent that the court will enter a final possessory judgment in the amount of $7,186.12 calculated as follows:
*169 $4,752.00 — arrears through November 30, 1993 as per stipulation
+ 725.00 — rent for December 1993
+ 1,709.12 — rent for January through April
_ 1994 at $427.28 per month
$7,186.12 - Total
Issuance of the warrant is stayed five days after entry of this order. Execution of the warrant is stayed through April 30, 1994.*

 Any monies that have been paid to the petitioner pending this decision pursuant to Jiggetts v Grinker (75 NY2d 411) are to be credited to the judgment amount.