OPINION OF THE COURT
George Friedman, J.
Proceeding brought pursuant to CPLR article 78 seeking an order, inter alia, directing respondent Division of Housing and Community Renewal (DHCR) to issue a determination on respondent 2770 Briggs Realty Corp.’s (Briggs) petition for administrative review (PAR) challenging an order of the District Rent Administrator finding a rent overcharge and awarding "treble” damages is decided as follows:
Where a rent-regulated tenant obtains a determination from the District Rent Administrator that he or she has been overcharged, should the tenant nevertheless be constrained by *292 the courts to pay the full amount of the rent arrears demanded by the landlord, or otherwise be evicted? Despite authority for the proposition that the eviction proceeding is largely unaffected by the nonfinal agency determination, this court declines to adopt such an unduly harsh result, when the ends of justice are manifestly better served by staying the eviction pending a final administrative determination.
PACTS
Petitioner Dennis Gardner, the tenant of apartment 5D at 2770 Briggs Avenue in Bronx County, initiated a rent overcharge proceeding with DHCR against the prior landlord by complaint dated December 2, 1992. The premises were transferred to the present landlord on August 19, 1993. The District Rent Administrator issued a determination dated August 12, 1994, finding that the tenant had been overcharged in the principal amount of $7,533.81 for the period from July 1, 1989 to March 31, 1993, which, together with interest, "treble” damages, and other charges, amounted to a total overcharge of $16,722.06.
The landlord, respondent Briggs, then timely filed a PAR, which is still pending. Briggs contended that the imposition of "treble” damages was unwarranted, and, further, that it should be liable only for a portion of the overcharges. Respondent argued that, as a purchaser unrelated to the prior landlord, it should not be penalized for conduct for which it was not responsible (see, Rent Stabilization Code [9 NYCRR] § 2526.1 [f] [2]). Subsequently, by petition dated January 10, 1995, Briggs commenced a nonpayment summary proceeding in the Housing Part of the Civil Court of the City of New York. The petition demanded rent for the months of September 1994 through January 1995 at the rate of $457.60 monthly. It is observed that the District Rent Administrator calculated the legal regulated monthly rent as of March 1993, at $419.46. The petition also sought "additional rent arrears”, but failed to specify those additional months for which rent was owing, or the amounts due for those months. In total, the petition demanded final judgment in the amount of $7,940.06.
The petitioner tenant defaulted in appearance. While petitioner now alleges that his default was attributable to medical reasons, no submission from any health care provider is annexed to the present moving papers. Petitioner subsequently moved to vacate his default. In a decision and order dated March 2, 1995, the Housing Court Judge assigned to the *293 application denied the motion, finding, without elaboration, "No meritorious [sic] or excusable default proffered. Warrant to issue forthwith.”
Petitioner subsequently commenced this article 78 proceeding, in which he seeks declaratory relief as to the amounts of the legal regulated rent and the rent overcharge, or, in the alternative, the issuance of an order directing respondent DHCR to determine the PAR. This court has granted an injunction staying respondent Briggs from recovering possession of the premises pending determination herein.
RELIEF IN THE NATURE OF MANDAMUS TO COMPEL
Initially, the question arises as to what relief is available to the petitioner in this proceeding. The Emergency Tenant Protection Act of 1974 provides that where DHCR fails to render a determination within 90 days following the filing of a PAR, the PAR shall be "deemed to be denied” (McKinney’s Uncons Laws of NY § 8632 [c] [Emergency Tenant Protection Act of 1974 (L 1974, ch 576, § 4 [ § 12])]). It is now settled that the passage of 90 days following the filing of the PAR without resolution of the controversy by DHCR gives rise to the remedy of mandamus to compel a determination, and that the "deemed denial” of the PAR is merely a fiction which does not divest DHCR of jurisdiction or give rise to a right to judicial review. (Matter of Bloom v Division of Hous. & Community Renewal. 138 Misc 2d 523; Matter of Ista Mgt. Co. v Division of Hous. & Community Renewal, 139 Misc 2d 1; Matter of Mott v Division of Hous. & Community Renewal, 140 AD2d 7, lv dismissed 73 NY2d 808; Matter of Dorchester Assocs. v Division of Hous. & Community Renewal, 149 AD2d 388.)
In Matter of Dorchester Assocs. v Division of Hous. & Community Renewal (supra, at 389), the Appellate Division, First Department, held that based solely on the fact that the Commissioner of DHCR had not resolved a PAR within 90 days, "petitioner is entitled to relief in the nature of mandamus.” As the Second Department explained in Matter of Mott v Division of Hous. & Community Renewal (supra, at 9-10), "A 'deemed denial’ of an administrative appeal from an initial agency determination * * * is not a final denial on the merits of the application for review, but is a legal fiction indicative of a mere neglect to act * * * [T]he statute reflects a legislative determination to substitute the remedy of mandamus to review for the remedy of mandamus to compel the DHCR to render a final determination [citations omitted].”
*294 The position taken by DHCR in this proceeding is that it is "actively processing” the PAR. As the cited cases reflect, since the PAR has been pending for a period substantially in excess of 90 days, petitioner is entitled to an order directing respondent DHCR to render a final determination within 60 days after entry of the order and judgment to be settled herein.
THE AVAILABILITY OF INJUNCTIVE RELIEF
The fact remains that while the agency is resolving the administrative appeal, petitioner faces the likelihood of eviction. The issue thus presented is whether this court should exercise its discretion to enjoin respondent Briggs from enforcing the judgment of the Civil Court. The answer to that question entails consideration as to whether and to what extent it is appropriate for a landlord to institute and prosecute proceedings to collect rent, either in Civil Court or by way of plenary action, where the amount of the legally regulated rent is in dispute and the matter has been submitted to DHCR.
It has been held, in another context, that where a matter lies within the expertise of DHCR, the courts should defer to that agency to render a determination in the first instance. This is the rule which obtains, for example, where factual issues exist as to whether a housing unit is being used for residential or commercial purposes — a circumstance which bears on the applicability of rent regulation. (Middleton & Arment v Gan, 143 AD2d 58; 3849 Assocs. v Bonime, 137 AD2d 448; compare, Bozzi v Goldblatt, 160 AD2d 647, 647-648 [request for stay in action alleging charging of rent in excess of stabilized or controlled rent denied "where the agency’s expertise is not necessary at this point”].)
In contrast, no such general rule prevents a landlord from commencing and maintaining a summary nonpayment proceeding solely on the ground that a tenant has filed a rent overcharge complaint (see, e.g., Fromme v Perper, NYLJ, May 6, 1987, at 12, col 1 [App Term, 1st Dept]). The Housing Court has often held that the Civil Court and DHCR enjoy concurrent jurisdiction over overcharge claims, but that where the tenant has filed a complaint with DHCR in the first instance, then the agency has "primary jurisdiction”, and Civil Court will not then entertain the claim by way of defense or counterclaim (Graham Ct. Owners Corp. v Allen, NYLJ, Aug. 17, 1994, at 22, col 6 [Civ Ct, NY County, York, J.]).
Moreover, in those cases where, as in the instant case, the Rent Administrator has determined that the tenant has been *295 overcharged, the filing of a PAR by the landlord will serve to "stay” the effectiveness of the Rent Administrator’s order. In this regard, Rent Stabilization Code (9 NYCRR) § 2529.12 provides, in relevant part: "The filing of a PAR against an order, other than an order adjusting, fixing or establishing the legal regulated rent, shall stay such order until the final determination of the PAR by the commissioner. Notwithstanding the above, that portion of an order fixing a penalty pursuant to section 2561.1 (a) of this Title [Overcharge Penalties] * * * shall also be stayed by the timely filing of a PAR against such orders until 60 days have elapsed after the determination of the PAR by the commissioner. However, nothing herein contained shall limit the commissioner from granting or vacating a stay under appropriate circumstances, on such terms and conditions as the commissioner may deem appropriate.”
The Housing Court has interpreted this section as meaning that a tenant may not offset the rent arrears sought by the landlord by the amount of the overcharges and penalties as determined by the Rent Administrator, although rent for those months falling after the issuance of the Rent Administrator’s order shall be in the amount of the legal regulated rent as determined by the Rent Administrator. In 3410 Kingsbridge Assocs. v Martinez (161 Misc 2d 163 [Civ Ct, Bronx County 1994]), the Housing Court entered a final judgment for the full amount of the rent arrears despite its recognition of the fact that "an unjust result may occur if the respondent is unable to satisfy a judgment, is thereafter evicted and is subsequently successful in her overcharge claim” (supra, at 168). In that case, the tenant had, by stipulation, acknowledged an indebtedness of $4,752 in past due rent, at the rate of $725 monthly. Subsequent to the execution of the stipulation, the Rent Administrator determined that the lawful rent was $427.28, that there had been an overcharge in the amount of $5,358.96, and that, with interest and penalties, the landlord owed the tenant $16,374.70. The landlord promptly filed a PAR. Finding that the Rent Administrator’s order was not a "final and binding” decision, the Housing Court declined to stay the eviction proceeding, and awarded the landlord final judgment in the amount of $7,186.12, representing the past due rent in the amount stipulated, together with rent for those months subsequent to the execution of the stipulation in the amount of $427.28 monthly, in accord with that part of the Rent Administrator’s order which determined the lawfully regulated rent.
On the other hand, in Yanni v Brandwen Prods. (160 Misc 2d 109), the court vacated a final judgment upon DHCR’s reso-
*296 lution of a PAR, finding that relegating the tenant to a plenary action to recover the amount of the overcharge while enforcing the judgment would be manifestly unjust. Yanni may be distinguished from 3410 Kingsbridge Assocs. (supra) on the ground that Yanni involved a final administrative determination, which was entitled to res judicata effect. Even more instructive for our present purposes is 176 W. 87th St. Equities v Amador (151 Misc 2d 234), where the court stayed a nonpayment proceeding until such time as DHCR issued its determination on the landlord’s PAR. The court observed that the landlord had not challenged the overcharge finding in its entirety, and that consequently the undisputed amount of the rent overcharge exceeded the amount sought in the petition. Under these circumstances the court held that the stay would be conditioned on the payment of future rent, and that after credit for the undisputed amount of the overcharge, the tenant should pay use and occupancy in the amount of the lawful rent as established by the Rent Administrator.
There are indeed myriad circumstances which may affect the equities of the particular case where both a nonpayment proceeding and a PAR are pending simultaneously. For example, in ANF Co. v Senhouse (NYLJ, Aug. 10, 1994, at 21, col 1 [App Term, 1st Dept]), a nonpayment proceeding was permitted to continue while DHCR rendered a final determination on the landlord’s PAR in a rent overcharge proceeding. As the amount of the overcharge exceeded the amount of rent due pursuant to the parties’ stipulation, the court vacated an order of eviction and remanded the proceeding to the Housing Court for an order permanently staying execution of the warrant of eviction. Subsequently, an article 78 proceeding to review DH-CR’s determination was commenced, and the parties stipulated to remand the matter to DHCR for further proceedings. The Appellate Term, despite the absence of a final agency adjudication, "adhere[d] to the view that there should be no eviction in this proceeding if tenant obtains a recovery for rent overcharges in excess of arrears (if any) presently owing.” The matter was, therefore, again remanded for proceedings.
In this court’s view, a mechanical adherence to a rule that the Rent Administrator’s determination is relevant only insofar as it affects the collection of prospective rents is unreasonable and unjust, and we decline to follow the result in 3410 Kingsbridge Assocs. (supra). Certainly, where there is no question but that the tenant will be entitled to recover a substantial, albeit undetermined, rent overcharge, as was the case in 176 *297 W. 87th St. Equities (supra), equity, justice, and plain common sense support the view that the resolution of the Civil Court proceeding abide the final determination of DHCR. This is so even if there does not exist a "final” administrative determination entitled to the conclusiveness of the doctrine of res judicata. The tenant may be compelled, in fashioning the stay in an equitable manner, to reduce the rent arrears, and to pay prospective rent, but should not be constrained to pay the full amount of rent arrears without the benefit of an anticipated setoff.
APPLICATION OF THE LAW TO THE PRESENT FACTS
Similar to the situation which obtained in 176 W. 87th St. Equities v Amador (supra), respondent Briggs does not dispute that a rent overcharge has occurred. Rather, respondent Briggs argues in its PAR that it is liable only for a portion of the overcharge, and that it is not liable for treble damages. Accordingly, it is evident to this court that petitioner will be entitled to a setoff against the rent arrears, albeit in an amount yet undetermined. There exists no compelling reason why the tenant should be required to pay immediately the full amount of the rent arrears; it is noted that the amount of the agency-calculated overcharge, even without interest or "treble” damages, is roughly equal to the amount of judgment rendered by the Civil Court.
The court is mindful that the Housing Court declined to permit petitioner to vacate the default judgment entered against him. Unfortunately, as the Civil Court failed to set forth its reasoning, this court is not aware that Civil Court considered the salient circumstances, either that the rent overcharge complaint had been determined by the Rent Administrator prior to the institution of the summary proceeding, or that petitioner will recover for a rent overcharge, either in the full amount as determined by the Rent Administrator, or in a reduced amount in the event respondent Briggs is successful on its PAR.
The injunction previously granted by this court is continued. Settle order and judgment granting the petition directing DHCR to determine the PAR within 60 days after the entry of the order to be entered herein, and granting an injunction against enforcement of the judgment obtained in Civil Court upon the payment of a portion of the rental arrears and pay *298 ment of prospective rent in the amount of lawful regulated rent as established by the Rent Administrator, together with lawful increases as permitted by law, with the appropriate amounts of such sums to be set forth in the order to be settled herein.